IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DARRYL KNIGHT )<br>_____) | Cr. No. 07-81 (CKK) |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO USE
DEFENDANT'S PRIOR CONVICTION FOR IMPEACHMENT**

Mr. Darryl Knight, through undersigned counsel, respectfully opposes the Government's motion, pursuant to Federal Rule of Evidence 609, to use a prior conviction to impeach Mr. Knight should he choose to testify at trial.

## BACKGROUND

Mr. Knight is charged, in a four-count indictment issued March 22, 2007, with unlawful possession with intent to distribute 50 g or more of cocaine base, unlawful possession with intent to distribute cannabis, possessing a firearm during a drug trafficking offense, and unlawful possession of a firearm.  On May 14, 2007, the government filed a notice indicating an intent to seek a 1997 conviction for "Conspiracy, Threats, and Assaulting, Resisting, or Impeding Certain Officers or Employees" for impeachment purposes under Federal Rule of Evidence 609, should Mr. Knight choose to testify at trial.  The government has not provided a certified copy of this conviction or any statements regarding the factual basis for this conviction.

## ARGUMENT

Federal Rule of Evidence 609 provides:

(a) General rule.  For the purpose of attacking the

credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike FED. R. EVID. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite--that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offense outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049,

1062 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not <u>if</u>, but how much."). The government presents no specific facts or reasons suggesting that this conviction is particularly probative of truthfulness in this case. All felonies have some probative value as to credibility, <u>see</u> <u>Lipscomb</u>, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

The government has not provided a certified copy of the alleged conviction or demonstrated that this was, in fact, a felony conviction. Moreover, the government has provided no proffer as to the circumstances of the alleged prior conviction nor any argument as to why the nature of the conviction alone demonstrates its probative value. Whatever probative value the defendant's prior conviction might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law. <u>Id</u>. at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior conviction would significantly prejudice Mr. Knight because there is a significant risk that the jury may infer from the fact of a prior conviction that Mr. Knight committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

The government has failed to meet its burden in this case. The conviction should be excluded because its probative value does not outweigh the prejudicial effect that disclosing the nature of the conviction would provide.

## CONCLUSION

For the foregoing reasons, Mr. Knight respectfully moves this honorable court to exclude

the use of the evidence of the prior conviction proffered by the government.

>Respectfully submitted,
>
>A.J. KRAMER
>FEDERAL PUBLIC DEFENDER
>
>_____/s/_____
>
>RITA B. BOSWORTH
>Assistant Federal Public Defender
>625 Indiana Avenue, N.W., Suite 550
>Washington, D.C.  20004
>(202) 208-7500

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | Cr. No. 07-81 (CKK) | |
| **v.** ) | | |
| ) | | |
| **DARRYL KNIGHT** ) | | |
| _____) | | |

**ORDER**

Upon consideration of the Defendant's Opposition to the Government's Motion to Use Prior Convictions for Impeachment, it is this _____ day of _____ , 2007, hereby

**ORDERED** that the Government's motion is **DENIED** and that evidence of his prior convictions will be excluded from evidence at trial.

**SO ORDERED**.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE