```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :    Criminal No. 07-081 (CKK)
                               :
        v.                     :
                               :
DARRYL KNIGHT,                 :
        Defendant.             :    Trial Date: June 27, 2007
```

Government's Notice And Motion
To Permit Use Of Other Crimes Evidence

The United States of America, by and through the United States Attorney for the District of Columbia, hereby gives notice and moves the Court to permit use by the government of evidence of another crime committed by the defendant, pursuant to rule 404(b) of the Federal Rules of Evidence.

Background

Defendant Knight has been charged in a four-count indictment with possession with intent to distribute fifty grams or more of cocaine base (count one), possession with intent to distribute marijuana (count two), possessing a firearm during a drug trafficking offense (count three), and being a felon in possession of a firearm (count four). The predicate prior felony conviction supporting count four is the defendant's conviction, in United States District Court in 1997, in Criminal No. 96-0202 (EGS).

The instant charges are based on the execution of a search warrant upon the defendant's residence, 1420 Staples Street (Apartment #3), N.E., Washington, D.C., on February 2, 2007, at approximately 7:35 p.m. The evidence indicates that the defendant

is the sole leaseholder of this residence and that he has lived at this location for approximately four years.  During the execution of the warrant, law enforcement officers recovered approximately 340 grams of cocaine base (crack), approximately 99 grams of marijuana, a digital scale, two loaded semi-automatic handguns, and $9,267.56 in U.S. currency.  All of these items were recovered in various locations inside of the defendant's bedroom, his bedroom closet, and in a crawl space accessed by a hatch inside of the defendant's bedroom closet.

Admissibility of 1997 Drug Activity
<u>Under Rule 404(b) of the Federal Rules of Evidence</u>

The government seeks to introduce the defendant's conduct underlying his 1997 conviction as the other crimes evidence.  The 1997 conviction was based on a traffic stop of the defendant's vehicle on May 31, 1996, in the area of 23rd Street and Savannah Terrace, S.E., Washington, D.C.  During the traffic stop, law enforcement officers recovered fifty-six ziplock bags containing approximately thirty-two grams of cocaine base from the defendant's groin area inside of his pants, an additional ziplock bag containing approximately six grams of marijuana from inside of the defendant's pants, and $1,105.00 in U.S. currency.

The defendant was subsequently arrested and charged in a six-count indictment with possession with intent to distribute five grams or more of cocaine base (count one), possession of marijuana (count two), assaulting an officer (counts three and four), and

threats (counts five and six).  On March 14, 1997, the defendant pled guilty to count three of the indictment and to a superceding information charging him with conspiracy and threats.

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  In this case, the government will offer evidence that the defendant's acts in possessing with intent to distribute cocaine base and possession of marijuana in 1996, described above, shows intent, knowledge, and absence of mistake with respect to the counts one of two of the instant indictment, possession with intent to distribute cocaine base and possession with intent to distribute marijuana.

The Court of Appeals has held that the above rule is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character." United States v. Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted).  Determining the admissibility of prior crimes or bad acts is a two-step process.  First, the Court determines whether the other crime or act is relevant and, if so,

whether it is relevant to something other than the defendant's character or propensity. United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000). If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403. Id.

Here, the government will not be offering the evidence to prove the defendant's character, but to show that on February 2, 2007, he knew what cocaine base and marijuana were, he knew how to sell and distribute cocaine base and marijuana, and he was aware that there was cocaine base and marijuana inside of his residence.

The caselaw in this Circuit supports admitting prior drug activity in a drug prosecution. In United States v. Watson, 335 U.S. App. D.C. 232, 171 F.3d 695 (1999), the Court of Appeals acknowledged that prior acts of drug trafficking are relevant, under rule 404(b), to show the defendant knew how to sell drugs. Id. at 240, 171 F.3d at 239. Similarly, in United States v. Washington, 297 U.S. App. D.C. 73, 969 F.2d 1073, the Court of Appeals upheld the admission of the defendant's act of selling drugs that preceded the charged offense of distribution, because it was "probative of intent, knowledge and plan on the part of Washington." Id. at 81, 969 F.2d at 1081.

United States v. Burch, 332 U.S. App. D.C. 287, 156 F.3d 1315 (1998), cert. denied, 526 U.S. 1011 (1999), is particularly

instructive. In Burch, the trial court admitted evidence of the defendant's prior drug conviction, under rule 404(b), in part because the prior conviction involved the same drug, and the Court of Appeals affirmed. Id. at 296, 156 F.3d at 1324. In this case, the defendant's 1996 drug activity involved the exact same drugs (cocaine base and marijuana) as those charged in counts one and two of the instant indictment.

In addition, as the Court of Appeals held in its en banc decision in United States v. Crowder, 329 U.S. App. D.C. 418, 141 F.3d 1202 (1998) (Crowder II), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000), evidence of a defendant's prior drug activity is relevant to show that he has "knowledge of the substance within his possession." Id. at 424, 141 F.3d at 1208 (internal quotation marks omitted). As the Court explained further in a footnote: "A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show he knew how to get drugs, what they looked like, where to sell them, and so forth." Id. at 424 n. 5, 141 F.3d at 1208 n.5.

As for rule 403,[1] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the

---

[1] Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged."  <u>United States v. Cassell</u>, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted).  In this case, the government will argue that the defendant was in constructive possession of the cocaine base, marijuana, digital scale, firearms, and currency recovered from his bedroom inside of his residence.  In addition, as previously stated above, there is a "close relationship" between the defendant's 1997 conviction and the instant case given the common narcotics – cocaine base and marijuana – involved.  When the purpose of disputed evidence is to show state of mind, as in this case, probative value is high.  <u>See id.</u> at 92, 292 F.3d at 796.

6

Conclusion

The defendant's prior acts of conspiring to possess with intent to distribute cocaine base and to possess marijuana are admissible in the government's case-in-chief to show intent, knowledge, and absence of mistake. The government respectfully requests that it be permitted to introduce the offered other crimes evidence at trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


By: _____
AARON H. MENDELSOHN
Assistant United States Attorney
D.C. Bar No. 467570
555 Fourth Street, N.W., Room 4239
Washington, D.C. 20530
(202) 514-9519
Aaron.Mendelsohn@usdoj.gov

**Certificate of Service**

I hereby certify that a copy of the foregoing Government's Notice and Motion to Permit Use of Other Crimes Evidence was served upon counsel of record for the defendant, Rita Bosworth, Esquire, Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, this 18th day of May, 2007.


_____
AARON H. MENDELSOHN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-081 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DARRYL KNIGHT,** | : | |
| Defendant. | : | Trial Date: June 27, 2007 |

### O R D E R

Upon consideration of the government's notice and motion to permit use of other crimes evidence, pursuant to FRE 404(b) and 403, the Court finds that the introduction of other crimes evidence is appropriate and it is hereby,

**ORDERED** this _____ day of May, 2007, that the government's notice and motion is **GRANTED**.

_____
Colleen Kollar-Kotelly
United States District Judge

_____
Date

Copies to:
AUSA Aaron Mendelsohn
AFPD Rita Bosworth