IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 07-81 (CKK) | |
| v. ) | | |
| ) | | |
| DARRYL KNIGHT ) | | |
| ) | | |

**DEFENDANT'S OPPOSITION TO THE
GOVERNMENT'S MOTION FOR ADMISSION OF EVIDENCE
PURSUANT TO FEDERAL RULE 404(b)**

Mr. Darryl Knight, through undersigned counsel, respectfully opposes the Government's Motion to Permit Use of Other Crimes Evidence pursuant to Federal Rule of Evidence 404(b), and moves this honorable court to deny the motion.

**BACKGROUND**

Mr. Knight is charged, in a four-count indictment issued March 22, 2007, with unlawful possession with intent to distribute 50 g or more of cocaine base, unlawful possession with intent to distribute cannabis, possessing a firearm during a drug trafficking offense, and unlawful possession of a firearm. The government seeks to admit at the trial on this matter evidence that eleven years ago, law enforcement officers recovered cocaine base and marijuana from Mr. Knight during a traffic stop. The government contends this is relevant because it shows that Mr. Knight "knew what cocaine base and marijuana were, he knew how to sell and distribute cocaine base and marijuana, and he was aware that there was cocaine base and marijuana inside his residence." Gov't Mot. At 4.

**ARGUMENT**

**1.      Evidence of the Alleged Prior Bad Act is Inadmissible Pursuant to Rule 404(b)**

Rule 404(b) precludes the admission of uncharged conduct evidence against the accused in a criminal case if the evidence is not relevant to a legitimate issue absent an inference by the jury that the defendant had a propensity to act in a certain way and, in committing the charged offenses, acted in conformity with his previous conduct.  See United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Rule 404(b) prohibits admission of extrinsic evidence "for the purpose of proving that a person's actions conformed to his character"); United States v. James, 555 F.2d 992, 999 (D.C. Cir. 1977) (Rule 404(b) permits introduction of extrinsic evidence "that is relevant to any material issue in the case except to show the likelihood that, having once fallen into sin, a second slip is likely").  Thus, Rule 404(b) "is not so much a character rule as a special aspect of relevance, constituting but one of many exceptions to the general rule that 'all relevant evidence is admissible.'"  United States v. Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000) (quoting Fed. R. Evid. 402).  In Bowie, our Court of Appeals indicated that the proper analytical method for determining the admissibility of extrinsic evidence "begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity?" Id. at 930.  If the uncharged act evidence is relevant under FED. R. EVID. 401 for a legitimate, non-character purpose, the evidence is admissible unless excluded under other rules of evidence, such as Rule 403.  Id.

To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  United States v. Rawle, 845 F.2d 1244 (4th Cir. 1988).  The government bears the burden of demonstrating the relevance of the prior bad acts it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062,

1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

As noted above, the government seeks to introduce evidence that eleven years ago the defendant was charged, but not convicted, of possession with intent to distribute cocaine base and possession of marijuana.

    A.    **The Evidence of Mr. Knight's Alleged Prior Bad Acts is not Probative of Any Material Issue Other than Propensity**

Mr. Knight's alleged prior bad acts are irrelevant to any material issue other than propensity. The government's alleged purposes for introducing the evidence are nothing more than propensity in thin disguise and must be rejected. While true that Federal Rule 404(b) sometimes permits evidence of prior bad acts to show "intent," "knowledge," or "absence of mistake," the government's mere recitation of those words does not transform its essentially propensity-based purposes into otherwise permissible ones. Gov't Mot. At 3 (stating that defendant's acts show "intent, knowledge, and absence of mistake"). In the present case, the government argues that Mr. Knight's prior narcotics charges makes it more likely that he knowingly and intentionally possessed the cocaine base and marijuana recovered in connection with this case. In essence, the government argues that, because Mr. Knight has allegedly possessed cocaine base and marijuana on a previous occasion, it is more likely that he possessed and knew about the drugs recovered in this case. Rule 404(b) strictly forbids admission of evidence for such a propensity purpose.

To be fair, evidence of Mr. Knight's alleged prior possession of narcotics, if reliable, would be probative of a material issue other than propensity if Mr. Knight admitted knowledge of the physical substances recovered by the police, but denied either that he knew the substances to be cocaine base or marijuana; or, that Mr. Knight possessed the cocaine base for personal use and did not intend to distribute it. At that point, Mr. Knight will have opened the door, and the

government would have a stronger argument for admitting evidence of the prior possession of cocaine base and marijuana on the issue of Mr. Knight's "knowledge," "intent" and/or "absence of mistake."[1]  This case largely rises or falls, however, on the question whether Mr. Knight actually possessed or knew of the drugs.  As a result, Mr. Knight does not intend to present any evidence that he knew of or possessed the drugs, but did not know the substances to be cocaine base and marijuana or intend to distribute it.  Nor will Mr. Knight be introducing evidence that he possessed the narcotics accidently or by mistake.  Because Mr. Knight's prior alleged possession of cocaine base and marijuana is not probative of a material issue other than propensity, the evidence sought to be introduced by the government is inadmissible pursuant to Federal Rule of Evidence 404(b).

> **B.    Evidence of The Defendant's Alleged Prior Bad Act Should be Excluded Pursuant to Federal Rule of Evidence 403**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact.  FED. R. EVID. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).  Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

As discussed in the previous section, the defendant's alleged prior "bad acts" are only weakly probative, if at all, of any material issue other than propensity.  The weak probative value

---

[1]    The government would have a stronger argument, but not a winning argument.  Mr. Knight was previously charged with PWID cocaine base and possession of marijuana, but he was not convicted of those charges, making the allegations of that conduct extremely unreliable.  In addition, this alleged conduct occurred eleven years ago.  The extreme time lapse makes this information only weakly probative, at best.

of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously broken the law or previously possessed narcotics is likely to break the law or possess narcotics on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent.

Moreover, the defendant will be severely prejudiced by introduction of the facts and circumstances giving rise to the prior bad act. Given the explosive nature of those charges, there exists a grave danger that jurors in the defendant's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man. Even worse, jurors may use this case as a pretext to punish the defendant for his previous behavior or to ensure that a perceived drug dealer is not released into the community. Because the likely prejudicial impact significantly outweighs the probative value of the evidence, this Court should deny the government's 404(b) request.

## CONCLUSION

For the foregoing reasons, and any additional reasons adduced at a hearing, this Court should deny the government's Motion for Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) as it pertains to Mr. Knight.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | **Cr. No. 07-81 (CKK)** | |
| **v.** ) | | |
| ) | | |
| **DARRYL KNIGHT** ) | | |
| _____) | | |

**ORDER**

Upon consideration of the Defendant's Opposition to the Government's Motion for Admission of Evidence Pursuant to Federal Rule 404(b), it is this _____ day of _____ , 2007, hereby

**ORDERED** that the Government's motion is **DENIED** and that evidence of his prior bad acts will be excluded from evidence at trial.

.

_____
COLLEEN KOLLAR KOTELLY
UNITED STATES DISTRICT JUDGE