UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 07-081 (CKK) |
| : | |
| DARRYL KNIGHT, : | |
| : | Trial Date: June 27, 2007 |
| Defendant. : | |
| _____: | |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to the defendant's Motion to Suppress Evidence. In support of this opposition, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**I.**     **Factual Background**

The defendant, Darryl Knight, has been charged in a four-count indictment with possession with intent to distribute fifty grams or more of cocaine base (count one), possession with intent to distribute marijuana (count two), possessing a firearm during a drug trafficking offense (count three), and being a felon in possession of a firearm (count four). The predicate prior felony conviction supporting count four is the defendant's 1997 conviction for conspiracy to possess with intent to distribute cocaine base and to possess marijuana, assaulting an officer, and threats, in United States District Court, in Criminal No. 96-0202 (EGS).

The indictment was the result of evidence obtained during the execution of a search warrant upon the defendant's residence, 1420 Staples Street (Apartment #3), N.E., Washington, D.C. The defendant was the sole leaseholder of this residence, and that he had lived at this residence for more than four years.

On January 25, 2007, Metropolitan Police Department (MPD) Officer Ilah White applied for and obtained a search warrant to search the defendant's residence, "the entire premises known as Apartment 3 inside of 1420 Staples Street, upstairs left apartment, Northeast, Washington, DC" for narcotics, narcotics paraphernalia, firearms, ammunition, U.S. currency, proof of residence, and any other evidence of violations of D.C. law, specifically Title 48 D.C. Code Section 904 (the "search warrant"). In her affidavit in support of the search warrant, Officer White provided details about her significant training and experience in narcotics investigations, search warrants, and arrests. In addition, the affidavit relayed information from an MPD special employee (SE) who "had personal knowledge that illegal drugs were being both sold and stashed within the [above] premises." Specifically, within seventy-two hours of Officer White's signing of the affidavit, the SE – under the supervision and direction of MPD officers – entered the above premises and purchased crack cocaine.

Based on the above information, the search warrant was signed by Judge Bruce Beaudin of the Superior Court for the District of Columbia.[1]

On February 2, 2007, pursuant to the previously obtained search warrant, a search warrant was executed on "the entire premises known as Apartment 3 inside of 1420 Staples Street, upstairs left apartment, Northeast, Washington, DC." At approximately 7:35 p.m., MPD officers knocked and announced their presence at the above residence. The officers heard a male voice inside the front door state words to the effect of "one minute, I'm coming," but the officers did not hear any footsteps from inside the apartment approaching the front door. The officers again knocked and announced their presence, but they again did not hear anyone coming towards the front door.

After approximately fifteen seconds, the officers breached the front door and entered the defendant's residence. Inside the residence, the officers encountered the partially clothed defendant standing near the front door next to a bathroom, Ms. Katreada Thomas sitting on a bed in the defendant's bedroom, an infant male standing near the front door, and a juvenile male sitting in a second bedroom. These individuals were identified and secured in

---

[1]/   A copy of the search warrant and the affidavit in support thereof are attached hereto as Government's Attachment #1.

the livingroom area of the apartment in order for the officers to begin the process of searching the defendant's apartment.

Because the apartment smelled strongly of burnt marijuana, the officers inquired of the occupants where the marijuana was to be found. According to the officers, either Ms. Thomas, or the defendant, or both stated that the marijuana was under the bed inside of the defendant's bedroom (the "first statement"). When one of the officers thereafter recovered an ashtray containing marijuana from under the bed, the defendant spontaneously stated words to the effect of, "that's all that's here" (the "second statement").

During the execution of the warrant, law enforcement officers recovered approximately 340 grams of cocaine base (crack), approximately 99 grams of marijuana, a digital scale, two loaded semi-automatic handguns, and $9,267.56 in U.S. currency. All of these items were recovered in various locations inside of the defendant's bedroom, his bedroom closet, and in a crawl space (referred to in the MPD paperwork as an "attic") accessed only by a ceiling hatch from inside of the defendant's bedroom closet.

The defense filed its Motion to Suppress Evidence in this case arguing that the evidence should be suppressed because the affidavit in support of the search warrant lacked probable cause and the subsequent search exceeded the scope of the warrant. The defense also contends that the government failed to comply with the

"knock and announce" provisions of Title 18 U.S.C. Section 3109, and that the defendant's statements should be suppressed because they were made involuntarily and in violation of his Miranda rights. For the following reasons, the defendant's arguments are without merit and the defendant's motion should be denied.

**II.        The Seized Evidence Is Admissible**

A.    The Search Warrant was Supported by Probable Cause.

The defendant claims that there were insufficient facts to establish probable cause for the search. This claim is without merit. In evaluating whether an affidavit establishes probable cause to support a search, the reviewing court must employ the "totality of the circumstances" test set forth in Illinois v. Gates, 462 U.S. 213 (1983). The Supreme Court explained that:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed.

Id. at 238-39 (citations omitted); United States v. Warren, 42 F.3d 647, 652 (D.C. Cir. 1994). As the Supreme Court made clear, courts are to give "a determination of probable cause by a federal magistrate ... 'great deference.' " United States v. Hubbell, 167 F.3d 552, 559 (D.C. Cir.1999) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). See also Ornelas v. United States, 517 U.S. 690,

5

698-99 (1996); <u>United States v. Johnson</u>, 437 F.3d 69, 71 (D.C. Cir. 2006) (upholding finding of probable cause, finding that stale information contained in affidavit linking drug dealer to residence did not undermine showing of probable cause).

In the case at bar, the affidavit in support of the search warrant for the defendant's residence provided ample facts establishing probable cause to believe that evidence of a crime would be found in the defendant's apartment. The affidavit relayed information from an SE who "had personal knowledge that illegal drugs were being both sold and stashed within the [above] premises." Specifically, within seventy-two hours of the signing of the affidavit, the SE – under the supervision and direction of MPD – entered the above premises and purchased crack cocaine.

The affidavit also outlined the affiant's prior training and experience in narcotics investigations and execution of narcotics search warrants. These facts demonstrated that narcotics traffickers routinely store narcotics, weapons, drug paraphernalia, records related to narcotics trafficking, and other narcotics related contraband in their residence. <u>See</u> <u>United States v. Johnson</u>, 437 F.3d 69, 72 (D.C. Cir. 2006) (recognizing that "drug dealers frequently keep business records, narcotics, proceeds from sales, and firearms in their houses") (citing <u>United States v. Thomas</u>, 989 F.2d 1252, 1254 (D.C. Cir. 1993)). Therefore, it was reasonable to infer that such items would be found inside of the

defendant's residence. The above-referenced information provided more than sufficient evidence upon which to issue a search warrant for the defendant's residence.

Under the law cited above, there can be no question that the search warrant was based upon valid information and properly issued.[2] In this case, the search warrant was part of an ongoing investigation of narcotics being sold and stashed within the defendant's residence. As a result, the magistrate judge did not err in determining that probable cause existed for the issuance of the search warrant for the defendant's residence.

B.   Law Enforcement Relied Upon the Warrant in Good Faith.

In the event that the Court were to find that there was insufficient probable cause to support issuance of the search warrant, the evidence should still be admitted at trial pursuant to the "good faith" exception to the warrant requirement set forth in United States v. Leon, 468 U.S. 897 (1984). Under the good faith

---

[2]   The defendant's reliance on United States v. Richardson, 861 F.2d 291 (D.C. Cir. 1988), is misplaced. First and foremost, the Richardson Court held that the search warrant in that case was not invalid and, as a result, the denial of the defendant's motion to suppress was affirmed. Second, the critical issue in Richardson was the accuracy and materiality of statements made in the affidavit supporting the search warrant and not, as the defense seems to indicate in its motion, the dicta related to the sufficiency of the evidence presented in support of that affidavit. Here, the evidence presented in support of Officer White's affidavit provided ample probable cause under the law of this Circuit for the issuance of a search warrant for the defendant's residence.

exception, evidence obtained pursuant to a search warrant will not be suppressed for lack of probable cause to support the warrant unless the officers' reliance upon the warrant was unreasonable or in bad faith.  Id. at 922-923; United States v. Gaston, 357 F.3d 77, 81 (D.C. Cir. 2004); United States v. Webb, 255 F.3d 890, 905 (D.C. Cir. 2001) (applying Leon in upholding admission of evidence).  There is no evidence, and the defendant does not contend, that the officers' reliance on the search warrant for the defendant's residence was unreasonable or otherwise in bad faith.[3]  Accordingly, the evidence obtained during the execution of the search warrant should be admitted.

B.   The Search Did Not Exceed the Scope of the Warrant.

The defendant also argues that the officer's search of the crawl space (referred to in the MPD paperwork as an "attic") accessed only by a ceiling hatch from inside of the defendant's bedroom closet in the defendant's residence "exceeded the scope of the warrant and failed to comply with the particularity requirement of the Fourth Amendment."  It is axiomatic, however, that – absent

---

[3] Indeed, the defendant's argument – as even the defendant concedes in footnote two of his Motion to Suppress – that the officers violated the "knock and announce" provision of Title 18 U.S.C. Section 3109 is unavailing and need not be addressed in any hearing on the defendant's motion.  The D.C. Circuit, in United States v. Southerland, 466 F.3d 1083 (D.C. Cir. 2006), held that, even if officers violated the above statute, the exclusionary rule did not apply to entitle a defendant to suppression of evidence seized during a search.  See also Hudson v. Michigan, 126 S.Ct. 2159 (2006).

any other limiting language – an affidavit in support of a search warrant which identified the search location as "the <u>entire premises</u> known as Apartment 3 inside of 1420 Staples Street, upstairs left apartment, Northeast, Washington, DC" included a crawl space that was accessible only from inside of the defendant's bedroom closet and, therefore, within the exclusive dominion and control of the defendant. See <u>United States v. Chadwick</u>, 433 U.S. 1 (1977) ("Our fundamental inquiry in considering Fourth Amendment issues is whether or not (the) search or seizure is reasonable under all the circumstances.").

In addition, where, as here, the existence of a crawl space above the defendant's bedroom closet was unknown to the affiant prior to the execution of the search warrant and the subsequent discovery of the crawl space, the affiant's identification of the "<u>entire premises</u> known as Apartment 3 inside of 1420 Staples Street . . ." clearly satisfies the Fourth Amendment's reasonableness requirement.[4] As such, the search of the defendant's residence, including the crawl space above his bedroom closet, did not exceed

---

[4] The defendant's reliance on <u>United States v. Heldt</u>, 668 F.2d 1238 (D.C. Cir. 1981) is misplaced. First and foremost, the <u>Heldt</u> Court ruled that the "warrant was valid and that its execution satisfied the ultimate constitutional requirement of reasonableness." <u>Id.</u> at 1254. Moreover, the search in <u>Heldt</u> involved a "penthouse" room which was separated from the office suite mentioned in the warrant whereas, in the instant case, the crawl space was part of the defendant's residence and, indeed, was only accessible from the defendant's residence.

9

the scope of the search warrant, and the illegal contraband recovered in various locations inside of the defendant's residence should not be suppressed.

**III.     The Defendant's Second Statement is Admissible**

The defendant argues that any statements made by him were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), or otherwise made involuntarily in violation of Lego v. Twomey, 404 U.S. 477 (1972).  The defendant's arguments are without merit with respect to the defendant's second statement, i.e., "that's all that's here."  This statement was not obtained in violation of the defendant's Miranda rights, and nor was the statement made involuntarily.

Under Miranda, custodial interrogation automatically triggers numerous procedural safeguards to protect an individual's Fifth Amendment right against compulsory self-incrimination.  As explained in Miranda, custodial interrogation refers to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."  384 U.S. at 444.  The Court has stressed that these safeguards come into play only when the defendant is subjected to both custody and interrogation. Rhode Island v. Innis, 446 U.S. 291, 297 (1980); Beckwith v. United States, 425 U.S. 341, 347 (1975).  Thus, in the absence of either factor, Miranda safeguards do not apply.

10

The defendant's second statement, i.e., that the marijuana recovered by the officers from under the defendant's bed was "all that's here," is admissible because it was not made in response to any question by the officers. After the officers recovered an ashtray containing marijuana from under the defendant's bed, the defendant spontaneously made the above statement, perhaps in an effort to prevent the officers from recovering the additional cocaine base, marijuana, digital scale, handguns, and U.S. currency recovered from other locations inside of the defendant's residence. In sum, the defendant's second statement was not obtained by means of police questioning and, therefore, does not implicate the defendant's <u>Miranda</u> rights. <u>Rhode Island v. Innis</u>, 446 U.S. 291, 297 (1980); <u>Beckwith v. United States</u>, 425 U.S. 341, 347 (1975).[5]

**IV.**                              **Conclusion**

The evidence seized during the search warrant should be admitted at trial. Officer Ilah White's affidavit in support of the search warrant provided ample facts that are more than sufficient to demonstrate the probable cause necessary for the issuance of the search warrant. Moreover, the defendant does not

---

[5] The defendant's first statement, i.e, that the marijuana was "under the bed," will not be introduced by the Government in its case-in-chief. If the defendant testifies at trial, however, then the Government may seek to introduce this statement. <u>See</u> <u>United States v. Patane</u>, 542 U.S. 630, 639 (2004) (recognizing that "statements taken without <u>Miranda</u> warnings (though not actually compelled) can be used to impeach a defendant's testimony at trial").

contend that the officers acted unreasonably or in bad faith in executing the warrant after the magistrate judge found probable cause. In addition, the officers' search of the defendant's residence, including the crawl space accessed only by a ceiling hatch from inside of the defendant's bedroom closet, did not exceed the scope of the warrant. Finally, the defendant's second statement should be admitted at trial because it was made voluntarily and not in violation of his <u>Miranda</u> rights.

WHEREFORE, the Government respectfully requests that the Court deny the defendant's Motion to Suppress Evidence.

                                 Respectfully submitted,

                                 JEFFREY A. TAYLOR
                               United States Attorney

By: _____
    Aaron H. Mendelsohn
    Assistant United States Attorney
    D.C. Bar No. 467570
    U.S. Attorney's Office
    555 4th Street, N.W., Rm. 4239
    Washington, D.C. 20530
    (202) 514-9519
    Aaron.Mendelsohn@usdoj.gov

**Certificate of Service**

    I hereby certify that a copy of the United States' Response in Opposition to Defendant's Motion to Suppress Evidence, was served upon counsel for the defendant, Rita Bosworth, Esquire, Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, this _____ day of May, 2007.

 

_____
Aaron H. Mendelsohn
Assistant United States Attorney

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-081 (CKK) |
| | : | |
| **DARRYL KNIGHT,** | : | |
| | : | Trial Date: June 27, 2007 |
| Defendant. | : | |

# **O R D E R**

This matter comes before the Court on the Government's Response in Opposition to the Defendant's Motion to Suppress Evidence.

Upon consideration of the Government's Response, the Defendant's Motion, and the entire record herein, it is hereby

**ORDERED**, this _____ day of June, 2007, that the Defendant's Motion to Suppress Evidence is **DENIED.**

_____
Colleen Kollar-Kotelly
United States District Judge

_____
Date


Copies to:
AUSA Aaron Mendelsohn
AFPD Rita Bosworth

# GOVERNMENT'S ATTACHMENT #1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## SEARCH WARRANT

07CRW5CD 305

**TO:** **TO THE CHIEF OF POLICE OR ANY AUTHORIZED LAW ENFORCEMENT AGENT**
(Specific Law Enforcement Officer or Classification of Officer of the Metropolitan Police Department or other Authorized Agency)

Affidavit, herewith attached, having been made before me by   Ofc. I. White #4257 - 5th District Focus Mission Unit.
that he has probable cause to believe that on the (person) (premises) (vehicle) (object) known as   Apartment 3 inside of 1420 Staples St., upstairs left apartment, Northeast The premise is described as a two story, brick colored, building with a white front door. The numbers "1420" are gold affixed the overhang above the front door. The apartment to be searched has no number and is on the second floor and the only apartment on the left. The door the apartment is brown with a gold door knob across from apartment number four.
in the District of Columbia, there is now being concealed certain property,   Narcotics (crack cocaine), additional drugs, drug packaging And processing materals, scales, cutting tools, cash, containers, safes, computers and other electronic devices which aid in the continuing criminal enterprise of narcotic trafficing such as but not limited to; records such as talley sheets books, receipts, notes, ledgers, bank records, telephone bills, money orders, and other papers documenting the importation, purchase, processing and manufacturing, ordering, sale and distribution of heroin and other drugs as well as any other illegal items associated with drug sale and possession, proof of residence and any other violation of the law.
which is   A violation of D.C. code 48-904.1   and as I am satisfied
(Alleged grounds for seizure)

that there is probable cause to believe that the property so described is being concealed on the above designated (person) (premises) (vehicle) (object) and that the foregoing grounds for issuance of the warrant exist.

YOU ARE HEREBY AUTHORIZED within 10 days of the date of issuance of this warrant to search in the daytime/at any time of the day or night, the designated (person) (premises) (vehicle) (object) for the property specified and if the property be found there.

YOU ARE COMMANDED TO SEIZE IT, TO WRITE AND SUBSCRIBE an inventory of the property seized, to leave a copy of this warrant and return to file, a further copy of this warrant and return with the Court on the next Court day after its execution.

Issued this   25th   day of   January   , 20 07      Bruce D. Beaudin
Judge, Superior Court of the District of Columbia

## RETURN

I received the above detailed warrant on   January 25   , 20 07   and have executed it as follows:
On   February 2   , 20 07 , at   1913 hours   M., I searched the (person) (premises) (vehicles) (object) described in the warrant and I left a copy of the warrant and return with   Daryl Knight   properly posted.
(Name of person searched or owner, occupant, custodian or person present at place of search)

The following is an inventory of the property taken pursuant to this warrant:
Crack Cocaine, Marijuana, (2)-guns, US Currency
and ammunition and [?]

This inventory was made in the presence of   Officers Jenkins, Hoffman, Ritchie, Maslona, White, I, Cobb, Harding, Wildey, Pappas, Delaughn, Smith, Sergeants Parsons and Mitchell
I swear that this is a true and detailed account of all property taken by me under this warrant.

Executing Officer

Subscribed and sworn to before me this   5th   day of   Feb.   , 20 07
R. Winter
Judge, Superior Court of the District of Columbia

Form CD(17)-1055 / Mar. 89
9-2794 wd-234

# METROPOLITAN POLICE
# Washington D.C.

### AFFIDAVIT IN SUPPORT OF A D.C. SUPERIOR COURT SEARCH WARRANT

**SUBJECT:** Affidavit in support of a Search Warrant for the entire premises known as **Apartment 3 inside of 1420 Staples Street, upstairs left apartment, Northeast, Washington, DC.** The premise is described as a two story, brick colored, building with a white front door. The numbers "1420" are gold affixed to the overhang above the front door. The apartment to be searched has no number and is on the second floor and the only apartment on the left. The door the apartment is brown with a gold doorknob across from apartment number four.

**THE AFFIANT / RESUME:** Your affiant has been a sworn member of the Metropolitan Police Department for the last three years and is currently assigned to the 5th District Focus Mission Unit. During my experience as a police officer I have been involved in numerous arrests for narcotics, gun violations, and other violations of the law. I have participated in several search warrants in which arrests were made and narcotics and money were recovered. I have also received training in the identification and packaging of narcotics from the Metropolitan Police Department Police Academy.

**INVESTIGATION:** Your Affiant, over the course of the last Seventy-Two hours, has met with a Special Employee (SE) of the Metropolitan Police Department. During the course of this investigation, the SE advised police that "it" had personal knowledge that illegal drugs were being both sold and stashed from within the premises known as **1420 Staples Street, upstairs left apartment, Northeast, Washington, DC.**

To your Affiants knowledge the SE has never provided false information to the police and has been utilized on numerous previous occasions resulting in the seizure of illegal controlled dangerous substances such as Heroin, Crack Cocaine, Marijuana and numerous illegal weapons. Information gathered from the SE has been utilized on numerous (20+) occasions and has always proven reliable.

Within the past seventy-two hours the affiant and members of the Fifth District Focus Mission Unit met with the above-mentioned S.E. at a pre-arranged location at which time the S.E. was searched for contraband or money. The search was negative. A sum of money from MPDC funds was given to the S.E. to make a controlled narcotic purchase from within the aforementioned premise of **1420 Staples Street, upstairs left apartment, Northeast, Washington, DC.** The undercover observed the S.E. approach the aforementioned location without coming in contact with anyone. The S.E. responded to the apartment on the second floor to the left that has a brown door with no number. The undercover then observed the S.E. return without coming in contact with anyone. The undercover then met with the S.E. at a pre-arranged location at which time the S.E. turned over a clear cellophane baggie containing a tan rock substance.



The tan rock substance was later field-tested which produced a positive color change for the presence of cocaine.

**PROBABLE CAUSE**: Based on the aforementioned facts and circumstances, this affiant has probable cause to believe that narcotics, to wit cocaine, is being kept inside the aforementioned location of **1420 Staples Street, upstairs left apartment, Northeast, Washington, DC**. It is respectfully requested that a D.C. Superior Court Search Warrant be issued it is further requested that the search warrant should include the seizure of any controlled substance or any narcotic paraphernalia, money, ledgers, notebooks and records relating to the distribution of narcotics. To include mailboxes, safes, and similar storage cabinets, firearms and ammunition, US currency, proof of residence and any other evidence of crime.

**REQUEST**: Your Affiant respectfully requests that a District of Columbia Superior Court Judge issue a search warrant for the entire premises known as **1420 Staples Street, upstairs left apartment, Northeast, Washington, DC.**

_____
Assistant United States Attorney

_____
Affiant
Officer Ilahkcherri Essence White
Metropolitan Police Department
Fifth District Focus Mission Unit

Subscribed and sworn before me this 25 day of January 2007.

_____
D.C. Superior Court Judge