IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 07-81 (CKK) |
| v.  ) | |
| ) | |
| DARRYL KNIGHT  ) | |
| _____) | |

**MOTION TO COMPEL GRAND JURY TESTIMONY**

Darryl Knight, through undersigned counsel, respectfully moves this honorable court to compel the government to provide him with the grand jury testimony of Katreada Thomas. Because this material is necessary for trial preparation, Mr. Knight requests that the court address this issue at the status conference before trial on June 19, 2007. Counsel states in support the following:

1. In its initial discovery letter, dated April 7, 2007, the government stated the following:

The government is aware of the following <u>Brady</u> information: Katreada Thomas, who was inside your client's apartment when the search warrant was executed, testified before the Grand Jury that she saw a ziplock bag of marijuana and a bag of white crack inside of your client's apartment, that she saw your client point to the ashtray under the bed containing marijuana, and that your client told her at the cellblock that the narcotics were not his. Ms. Thomas also testified before the Grand Jury, before recanting the following testimony, that she did not see the law enforcement officers do anything inside the apartment, that she did not see your client point to the ashtray, and that she did not see any narcotics or firearms inside the apartment.

2. In a discovery letter submitted by Mr. Knight, dated May 11, 2007, Mr. Knight requested a copy of Katreada Thomas's grand jury testimony pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

3. In the government's second discovery letter, dated June 19, 2007, the government

stated the following:

> Regarding your request for Brady information, the government advises you that Katreada Thomas testified before a U.S. District Court grand jury on March 8, 2007. During her testimony, Ms. Thomas related that your client did not direct police officers to the marijuana underneath his bed. However, on March 13, 2007, Ms. Thomas recanted her previous testimony and stated before the grand jury that your client told police that he had "hid a joint" underneath the bed, in an ashtray.

4. The government has provided two different characterizations of Ms. Thomas's grand jury testimony. In order to adequately prepare Mr. Knight's defense, it is imperative that he has a chance to review all exculpatory material. Ms. Thomas's conflicting testimony is clearly exculpatory, but due to the varying versions and the lack of clarity, Mr. Knight is unequipped to utilize this information in the disjointed summary form in which it has been provided. As such, Mr. Knight respectfully requests that the court compel the government to provide Ms. Thomas's grand jury testimony for March 8, 2007, March 13, 2007, and any other date on which she testified in relation to this or any other relevant case.

5. WHEREFORE for the foregoing reasons and such reasons as may be raised at the hearing on this motion, Mr. Knight requests that the Court order that the government provide all grand jury testimony of Katreada Thomas.

Respectfully submitted,

'/s/'
Rita Bosworth
Counsel for Mr. Knight
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **v.** ) <br> ) <br> **DARRYL KNIGHT** ) <br> _____) | **Cr. No. 07-81 (CKK)** |

**ORDER**

Upon consideration of defendant's Motion to Compel and finding good cause shown, it is this _____ day of June, 2007, hereby

**ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that the government shall provide defense counsel with a copy of all grand jury testimony of Katreada Thomas.

_____
HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE