UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO.:  07-081 (CKK) |
| | : | |
| **DARRYL KNIGHT,** | : | Trial Date: June 27, 2007 |
| | : | |
| Defendant. | : | |
| | : | |

**JOINTLY PROPOSED VOIR DIRE**
**QUESTIONS AND STATEMENT OF THE CASE**

As ordered by the Court, the parties in the above-captioned matter hereby jointly submit the following statement of the case and voir dire questions.

**STATEMENT OF THE CASE**

This is a criminal case.  Defendant Darryl Knight is charged with having committed the following offenses: (1) unlawful possession with intent to distribute 50 grams or more of cocaine base, or crack cocaine; (2) unlawful possession with intent to distribute cannabis, or marijuana; (3) using, carrying and possessing a firearm during a drug trafficking offense; and (4) unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year.  These charges are contained in an indictment, which is a formal accusation and is not itself evidence of any kind.  At trial, the prosecution must prove each of the charges against Mr. Knight beyond a reasonable doubt.  Mr. Knight has pleaded not guilty to the charges and, under the law, is presumed innocent.  The government alleges that on or about February 2, 2007, at approximately 7:35 p.m., officers of the Metropolitan Police Department executed a search warrant at Mr. Knight's residence at 1420 Staples Street, N.E., Apt. 3, Washington, D.C., and within the residence found quantities of crack

cocaine and marijuana, as well as two loaded firearms. Mr. Knight denies that he possessed these narcotics or firearms.

## PARTIES' PROPOSED ADDITIONAL VOIR DIRE QUESTIONS

As ordered by the Court, the following are the additional voir dire questions proposed by the respective parties, and any objections to them.

<u>Government's Proposed Supplemental Voir Dire Questions</u>

1. The defendant, Mr. Knight, grew up in Washington, D.C. Do any of you, your relatives or friends, know, or know of, Mr. Knight? Do any of you know or know of his relatives or friends?

2. Has any member of the jury panel or any family member or close friend ever been the victim of, a witness to, or charged with, a criminal offense?

3. Does any member of the panel disagree with the prosecution of narcotics offenses? Does any member of the panel believe that drugs, including one's use, possession, or distribution of them, should be legalized? Does anyone believe that the penalties assigned to those offenses are either too severe or too lenient?

4. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

5. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

6. Has any member of the jury panel, or any of your immediate family members or close friends studied law or had any legal training?

   a. In what areas of law has that training or practice been?

   b. Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

   c. If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or your ability to be fair and impartial in this case?

Defendant's Proposed Supplemental Voir Dire Questions

1. The defendant, Mr. Knight, has no obligation to present any evidence or witnesses. However, if he and his counsel chose to call a witness or witnesses, you may hear testimony from or about the following persons: [List to be provided at trial]. Does any member of the panel know any of these prospective witnesses?

2. Are you now or have you in the past been a member of any group which advocates either for or against gun ownership or gun control?

3. Are you now or have you in the past been a member of any group which advocates against drug use or is involved with people who are drug users?

4. As part of the evidence in this case, you will hear that Mr. Knight has a prior conviction for an offense that carries a possible punishment of more than one year. However, this evidence will be admitted only for the purpose of demonstrating that Mr. Knight has such a conviction, which is one of the elements of one of the offenses which the government must prove beyond a reasonable doubt. I will instruct you that you cannot use this evidence for any other purpose and you will not be able to use this evidence to determine whether or not the government has proven beyond a reasonable doubt that Mr. Knight possessed the guns or drugs charged in this case. Will knowledge of a prior conviction make it difficult for you to determine the facts of this case solely on the facts presented to you?

5. It is neither Mr. Knight's nor his attorney's responsibility to prove Mr. Knight innocent. Because Mr. Knight is presumed innocent, he need not testify, nor offer any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

6. Some of the government witnesses in this case are police officers. Do any of you believe that police officers are more or less credible than other witnesses simply because they are police officers?

7. Are any of you now or have you been active members or participants in any crime prevention organizations, such as the "Orange Hats"?

8. Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

9. Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer or in any other capacity?

10      Have any of you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

11.     Are there any among you who has a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

12.     Do any of you need to take any medication which might cause drowsiness or other wise make it difficult for you to remain alert and attentive during these proceedings?

Neither party has any objections to any of the above stated questions.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:    /s/
_____
Donnell W. Turner
United States Attorney
555 4th Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419 (tel.)
(202) 514-6010 (fax)

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

   /s/
_____
Rita Bosworth, Esq.
Attorney for Darryl Knight
Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004