UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-81 (CKK) |
| ) | |
| DARRYL KNIGHT ) | |
| ) | |

**SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE**

  Darryl Knight, through undersigned counsel, hereby requests that this court suppress the additional statement brought to light after he filed his initial motion to suppress, and states in support the following:

  1. In a discovery letter dated April 5, 2007, the government indicated that Mr. Knight provided a "non-verbal pre-rights statement to law enforcement." 4/5 Gov't Disc. Letter at 5. The circumstances of the statement, according to the government, were as follows: "While executing the search warrant, law enforcement officers stated to your client that they smelled marijuana in the apartment. In response, your client pointed to an ashtray under his bed." Id. No additional statements were disclosed at this time.

  2. In a discovery letter dated May 11, 2007, Mr. Knight wrote to confirm that, other than the non-verbal pre-rights statement that had been disclosed, "There are no other verbal or non-verbal statements which the government intends to offer in evidence at the trial allegedly made by Mr. Knight, whether before or after arrest in response to interrogation by any person then known to Mr. Knight to be a law enforcement officer." 5/11 Def. Disc. Letter at 1.

  3. In a letter dated May 15, 2007, the government responded to Mr. Knight's discovery letter with additional discovery, including the allegation that after law enforcement officer's

recovered suspected marijuana from his residence, Mr. Knight stated: "That's all that's here." 5/15 Gov't Disc. Letter. No additional statements were disclosed at this time.

4. Based upon the discovery from the government, Mr. Knight filed a Motion to Suppress Evidence, including the two statements, on May 21, 2007.

5. On May 25, 2007, the government filed an opposition to Mr. Knight's Motion to Suppress in which it fleshed out the two statements that had been previously disclosed to the defense. There is no mention of any further statements in the government's opposition.[1]

6. On June 6, 2007, the government sent an additional discovery letter to defendant. In this letter, the government came up with a third statement that had never before been brought to the attention of defendant. This statement, the government alleges, occurred when the police were questioning another individual in the apartment, and Mr. Knight apparently told the individual that he did not have to speak to the police, and he told the officers they could not speak to him because he was a juvenile. This statement should be excluded from evidence.

7. Mr. Knight first objects to this statement on the grounds that it was involuntary and made in violation of <u>Miranda</u>. Mr. Knight relies upon the authority set forth in his initial Motion to Suppress Evidence for this proposition.

8. Mr. Knight next objects to this statement on the grounds that it is irrelevant. FED. R. EVID. 401 mandates that only relevant evidence shall be admissible. What Mr. Knight allegedly said–that the individual did not have to speak to the police–is a true statement and in no way enhances, diminishes, or otherwise contributes to any conclusion as to his guilt or innocence in this case. Similarly, the alleged statement that he told the officers that they could not speak to a

---

[1] The government does not intend to introduce the first statement at trial. 6/10 Gov't Disc. Letter at n.1.

juvenile has no probative value whatsoever on his culpability in this case and should therefore be excluded.

9. Finally, Mr. Knight objects to this statement on the grounds that the government's failure to disclose this statement is a violation of FED. R. CR. PROC. 16. The government first sent discovery to Mr. Knight on April 5, 2007. When the defense made an additional request for any statements on May 11, 2007, the government responded four days later with the second statement. Motions were due on May 18, 2007, thus the government had more than ample notice that any additional evidence ought to have been produced by that time in order to give the defendant adequate time to process the information and prepare a response. Now, after motions and oppositions have been filed, the government comes up with an additional statement that materialized after two months of active discovery requests. This delay is impermissible and therefore this statement should be excluded pursuant to Rule 16(d)(2)(C).

**WHEREFORE** for the reasons set forth in this motion, Mr. Knight's initial Motion to Suppress Evidence, and those that surface during the motions hearing, Mr. Knight respectfully requests that this court suppress the third statement.

    Respectfully submitted,

    A. J. KRAMER
    Federal Public Defender

    _____/s/_____

    RITA BOSWORTH
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., Suite 550
    Washington, DC  20004
    (202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **v.** ) <br> ) <br> **DARRYL KNIGHT** ) <br> _____) | Cr. No. 07-081 (CKK) |

**ORDER**

Upon consideration of defendant's Supplemental Motion to Suppress Evidence, it is this _____ day of _____, 2007, hereby

**ORDERED** that defendant's Supplemental Motion to Suppress is **GRANTED**, and it is further

**ORDERED** that all evidence shall be suppressed.

_____
HONORABLE COLLEEN KOLLAR-KOTELLY
United States District Judge