UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  07-081 (CKK) |
| v. : | |
| : | Trial Date:  June 27, 2007 |
| DARRYL KNIGHT, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE

The United States of America (hereinafter "the United States" or "the Government"), by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to defendant's Supplemental Motion to Suppress Evidence in the instant case.  In support of its reply, the United States relies on the following points and authorities and any additional evidence that may be adduced at a hearing on this matter.

In his motion, Defendant contends that certain statements he made to law enforcement officers who were trying to question a potential witness in the case, as well as statements directed at the potential witness, should be excluded from evidence on the grounds that such statements are irrelevant and involuntary and made in violation of *Miranda*.[1]  Defendant's Supplemental Motion, page 2, ¶¶ 7, 8.  Defendant further argues that the government should not be permitted to introduce these statements because it failed to disclose them in violation of Rule 16 of the Federal Rules of Criminal Procedure.  To the contrary, Defendant's statements to police and the potential witness who police were questioning are very relevant to the issue of the Defendant's guilt or innocence in this case.  Further, while Defendant was in police custody, his statements

---

[1] *Miranda v. Arizona*, 384 U.S. 336 (1966).

were not elicited in response to any police interrogation, therefore they were not made in violation of Defendant's Fifth Amendment rights. Finally, the government provided such statements to Defendant in a timely manner and, inasmuch as Defendant does not, nor cannot, show any prejudice as a result of the timing of the disclosure, this claim too is without merit. Consequently, Defendant's motion to suppress should be denied.

I.  **Defendant's Statements are Relevant to the Determination of His Guilt or Innocence and Therefore Admissible**

Federal Rule of Evidence Rule 401 provides that "relevant evidence" means evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, "all relevant evidence is admissible," unless it is proscribed by law or rule. Fed.R.Evid. 402; *see United States v. Fonseca*, 435 F.3d 369, 375 (D.C. Cir. 2006).

In the instant case, Defendant's remarks directed at police and the youth whom police were trying to question constitute an effort by Defendant to prevent police from finding out potentially critical evidence about the case. Indeed, an interview with the youth by police may have revealed evidence about individuals who may have had some connection to the apartment, including Defendant, his girlfriend, the youth himself, or others. In addition, police may have been able to ascertain the youth's knowledge of any activities inside the apartment that relate to the charges or the location of drugs or other contraband inside the apartment. Defendant's statements to him and police thus amount to an attempt to obstruct police from investigating this case. Under these circumstances, Defendant's statements tend to make it more probable that Defendant knew that there was illegal contraband in the apartment.

**II.    Defendant's Statements Were Not Taken in Violation of <u>Miranda</u>**

The Supreme Court in *Miranda*, 384 U.S. at 444, held that "in the context of 'custodial interrogation'" certain procedural safeguards – namely, advising the accused of his right to remain silent and to have an attorney present – are necessary to protect a defendant's Fifth Amendment privilege against self-incrimination. *Rhode Island v. Innis*, 446 U.S. 291, 297 (1980) (citing *Miranda*, 384 U.S. at 444, 479); *see also Dickerson v. United States*, 530 U.S. 428, 436-36 (2000). Before Miranda's procedural safeguards come into play, the suspect must be both in custody and subject to interrogation. *See Innis*, 446 U.S. at 298 (establishing "custody" and "interrogation" as touchstones to a *Miranda* violation) (citation omitted).

Custody, under *Miranda*, requires either "'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977)). Interrogation means "words or action . . . that the police should know are likely to elicit an incriminating response from the subject." *Innis*, 446 U.S. at 301. Questions that do not call for an incriminating response are not interrogation. *See Allen v. United States*, 129 U.S. App. D.C. 61, 290 F.2d 476, 479 (1968) (*Miranda* warnings not required before police may ask generic questions necessary to determine facts of a situation). Indeed, as the Supreme Court stated in *Miranda*, "[g]eneral on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding." 384 U.S. at 477-78. Moreover, because *Miranda* is triggered only where there is interrogation, statements spontaneously volunteered by a suspect are not subject to *Miranda*. *See United States v. Samuels*, 938 F.2d 875, 881 (D.C. Cir. 1989) (volunteered and spontaneous statements are admissible without *Miranda* warnings if not

made in response to police questioning); *Bosley v. United States*, 426 F.2d 1257, 1261 (D.C. Cir. 1970) (*Miranda* permits the admissibility of a volunteered statement not the result of custodial interrogation); *United States v. Black*, 932 F. Supp. 327, 330 (D.D.C. 1996) (spontaneous statements by defendant in custody made prior to *Miranda* rights were admissible).

Defendant here contends that his statements to police and the youth were involuntary and made in violation of his Miranda rights. While the government concedes that defendant was in custody, the evidence is clear that he was not subject to any interrogation within the meaning of *Miranda* at the time the statements were made. To the contrary, the statements, shouted by Defendant from another room in the apartment while police were questioning another witness, was spontaneous and volunteered, and not a response to any questioning by police. *See Samuels*, 938 F.2d at 881. Indeed, his statements could not have possibly been in response to police questioning, as some of them were directed at the youth. Nor did the police engage in any behavior that was "reasonably likely to elicit an incriminating response," *Innis*, *supra*, 446 U.S. at 302. Thus, defendant's assertion that he was subject to interrogation is groundless, and his statements therefore should be admitted into evidence.

**III.     The Government Complied With Its Discovery Obligations**

Defendant finally contends that his statements to police and the youth while police were questioning the youth should be excluded, because the government delayed its disclosure to the defense, in violation of Rule 16. Defendant's Motion, page 3, ¶ 9. This contention too is without merit.

With regard to Defendant's contention here, the government asserts that it first became aware of the existence of Defendant's statements to police and the youth on or about Friday June

4

1, 2007, when undersigned government counsel met with police officers for a witness conference.  Upon learning of the additional statements, undersigned counsel checked all of the correspondence between the parties and the pleadings filed in the case, and eventually surmised that the statements had not been previously disclosed to Defendant.  The statements were then disclosed to Defendant for the first time in open court on Tuesday June 5, 2007, and the following day, the statements were summarized in a letter sent to defense counsel.  Thus, once the government learned of their existence, the statements were promptly provided to Defendant, more than three weeks prior to the trial date, and exactly two weeks prior to the motions hearing date.  Consequently, Defendant received notice of the statements in ample time to prepare for both the motions hearing and the trial.  Indeed, Defendant has not, nor can he, assert that he has been prejudiced in any way by the timing of the disclosure of these statements.  Further, although Defendant avers that the government's disclosure of the existence of the statements after the Court had set a motions schedule in this case was "impermissible," *see* Defendant's Motion, page 3, ¶ 9, Defendant completely ignores Rule 16(c), which provides that "[a] party who discovers additional evidence or material before *or during trial* must promptly disclose its existence to the other party or the court[.]"  Emphasis added.  Thus, Rule 16 clearly contemplates that parties may learn of additional evidence or material as they continue to investigate the case and prepare for trial, and further recognizes that such evidence may come to light even after the trial has commenced.  Under those circumstances, the rule requires only that the party promptly disclose the existence of such evidence or material.  Here, the government did precisely that.  In summary, because prompt disclosure of the existence of the statements was made by the government, Defendant has not, nor cannot, claim that the defense has been prejudiced by the timing of such

disclosure, and Defendant has ample time to prepare for the admission of such statements, Defendant's motion is without merit and therefore should be denied.

WHEREFORE, for all the reasons stated above, the United States respectfully submits that Defendant's Supplemental Motion to Suppress Statements is, in all things, lacking in merit and therefore should be denied.

JEFFREY A. TAYLOR
United States Attorney

By: /s/
_____
DONNELL W. TURNER
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419
(202) 514-6010 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No.  07-081 (CKK)** |
| v. : | |
| : | **Trial Date:  June 27, 2007** |
| **DARRYL KNIGHT,** : | |
| : | |
| **Defendant.** : | |

## ORDER

Upon consideration of the Defendant Darryl Knight's Supplemental Motion to Suppress Evidence, the Government's Opposition to said Motion, and the entire record herein, the Court is of the opinion and finds that Defendant's Motion is without merit and should be denied.  It is therefore, this ____ day of _____, 200__,

**ORDERED** that the Court's ruling regarding Defendant's Supplemental Motion To Suppress Evidence be, and hereby is, **DENIED**.

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge