UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRYL KNIGHT,<br><br>Defendant. | Crim. No. 07–81 (CKK) |

**MEMORANDUM OPINION**
(June 18, 2007)

On March 22, 2007, Defendant Darryl Knight was charged in a four-count Indictment with the following offenses: (1) Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (2) Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (3) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); and (4) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Defendant Knight was arraigned on April 10, 2007. This case is presently set for trial to commence on June 27, 2007, at 9:00 a.m.

On May 14, 2007, the Government filed [6] Government's Notice of Impeachment by Evidence of Conviction, stating that "if the defendant testifies, the government will seek to impeach him with the following conviction: [1] Conspiracy, [2] Threats, and [3] Assaulting, Resisting, or Impeding Certain Officers or Employees, on July 5, 1997, in the U.S. District Court for the District of Columbia, in Criminal Case No. 96-202." Gov't's [6] Notice at 1. On May 18, 2007, Defendant filed an Opposition; the Government filed a Reply on the same day.

Pursuant to the filings and the relevant statutes and case law, the Court shall permit the Government to impeach Defendant with his prior conviction for the offense of "Conspiracy," but not for the offenses of "Threats" or "Assaulting, Resisting, or Impeding Certain Officers or Employees" if he chooses to testify in this case.

Pursuant to Federal Rule of Evidence 609(a)(1), "For the purpose of attacking the character for truthfulness of a witness, . . . evidence that an accused has been convicted of such a crime [a crime punishable by death or imprisonment in excess of one year under the law under which the witness was convicted] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]" Fed. R. Evid. 609(a)(1).[1] However, even assuming that the Government is able to satisfy each of these two criteria for impeachment, one further check remains on its ability to introduce prior convictions against a criminal defendant or a witness at trial – the time limitations set out in Federal Rule of Evidence 609(b). Rule 609(b) provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of

---

[1] The Government does not argue that the prior conviction on the three offenses at issue should be admitted pursuant to Federal Rule of Evidence 609(a)(2), which states that for impeachment purposes, "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2).

2

such evidence.

Fed. R. Evid. 609(b). As part of the Rule 609(b) time calculation, two important dates must be considered: (1) for the purposes of determining whether a conviction is more than ten years old, the question is whether ten years has expired at the time the witness testifies at trial, *see Trindle v. Sonat Marine, Inc.*, 697 F. Supp. 879, 881 (E.D. Pa. 1988) (collecting cases); and (2) under the rule, "release of the witness from confinement" means at the end of imprisonment, not the termination of a period of probation, *see United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992). Since Defendant was convicted on July 5, 1997, and trial is scheduled in this case from June 27, 2007, to June 29, 2007, the Court finds that even without considering the date of Defendant's release from incarceration, the prior conviction in question falls within 10 years as set forth in Rule 609(b).

As indicated in a certified copy of the July 5, 1997 conviction at issue, faxed to the Court at its request, Defendant Knight pleaded guilty to the following counts: (1) "Conspiracy," in violation of 18 U.S.C. § 371, for which he was sentenced to 60 months imprisonment; (2) "Threats," in violation of 22 D.C. Code 504(a), for which he was sentenced to 180 days imprisonment (to run concurrently with the other two consecutive sentences); and (3) "Assaulting, Resisting, or Impeding Certain Officers or Employees," in violation of 18 U.S.C. § 111(a)(1), for which he was sentenced to 12 months imprisonment. While Defendant's conviction for "Conspiracy" clearly meets the first prong of the Rule 609(a) requirements (as Defendant was actually sentenced to 60 months imprisonment such that his crime was clearly one punishable in excess of one year under the law), the Court must determine whether Defendant's convictions for violations of 22 D.C. Code 504(a) and 18 U.S.C. § 111(a)(1) constitute offenses

punishable by death or imprisonment in excess of one year. As the statute formerly cited as § 22-504 carried a maximum sentence of 180 days imprisonment, it does not fit the "in excess of one year" requirement set forth in Rule 609(a)(1). Pursuant to 18 U.S.C. § 111(a)(1), "Whoever–forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both." Without more information, the Court cannot determine whether or not Defendant received the maximum sentence of 1 year for a simple assault (in which case this conviction would not be used for impeachment purposes under Rule 609) or could have received a sentence of up to 8 years for this offense. Since the Government has the "burden of justifying admission of the conviction," *United States v. Lipscomb*, 702 F.2d 1049, 1063 (D.C. Cir. 1983), the Court concludes that based on the information presently before the Court, the Government has not satisfied its burden with respect to demonstrating whether Defendant's offense pursuant to 18 U.S.C. § 111(a)(1) is one for which he could have been punished "in excess of one year" such that the Court shall preclude admission of Defendant's conviction for this offense for impeachment purposes.

Accordingly, the Court shall only proceed to balance the probative value versus prejudicial effect with respect to the Conspiracy count of Defendant's prior conviction. In making the probative value versus prejudice determination required by Rule 609(a)(1), a district court "should consider the following relevant factors: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the

4

importance of the credibility of the defendant; and (5) generally, the impeachment value of the prior crime." *United States v. Butch*, 48 F. Supp. 2d 453, 464 (D.N.J. 1999) (citing *Gov't of the Virgin Is. v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982) (Hunter, Circuit J.); 6 *Weinstein's Federal Evidence* § 609.04[2][a]); *see also* 1 *McCormick on Evidence* § 42, at 144-45 n.9 (4th ed. 1992).[2] "This list does not exhaust the range of possible factors, but it does outline the basic concerns relevant to the balancing under Rule 609(a)(1)." 6 *Weinstein's Federal Evidence* § 609.04[2][a] (citing *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980)).

In applying these factors to the Conspiracy conviction at issue, the Court finds that although Defendant was convicted of this prior offense in 1997 (but within ten years of the time of the scheduled trial date in this case), the probative value of the fact of this prior Conspiracy conviction and the corresponding 60-month sentence imposed outweighs any prejudice to the Defendant. Should the Defendant in this case choose to take the stand, his credibility will clearly be at issue, particularly in light of the largely circumstantial nature of the evidence in this case as indicated in the Government's 404(b) filings. The Court makes this finding notwithstanding Defendant's argument that "[i]nforming the jurors of the nature of the prior conviction would significantly prejudice Mr. Knight because there is a significant risk that the jury may infer from the fact of a prior conviction that Mr. Knight committed the offense at issue in this case," Def.'s Opp'n at 3, as the Court has weighed this potential for prejudice as part of its analysis pursuant to

---

[2] The Sixth Circuit has crafted its own list of five relevant factors, which is similar to the one described above. In *United States v. Sloman*, 909 F.2d 176 (6th Cir. 1990), the Sixth Circuit noted that courts should focus on: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *Id.* at 181.

Rule 609.

In Defendant's Opposition, Defendant also argues that "the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offense outweighs the inevitable prejudicial impact," and that "[t]he government presents no specific facts or reasons suggesting that this conviction is particularly probative of truthfulness in this case." Def.'s Opp'n at 2-3. However, the D.C. Circuit explicitly held in *Lipscomb* that any demonstration of the specific circumstances of a defendant's prior offense(s) is not required by the government, nor is any inquiry related thereto required of the district court. "[T]he district court has discretion to determine when to inquire into background facts and when not to. We neither require the court generally to conduct such an inquiry nor discourage it from doing so." *Lipscomb*, 702 F.2d at 1056. In *Lipscomb*, the D.C. Circuit affirmed the admission of a prior robbery conviction where the district court knew only the name of the offense, date of conviction, and defendant's age–and not, as is known in this case, whether the defendant had pleaded guilty or not guilty or what sentence was imposed. *Id.* at 1053. This Court is mindful that "Congress believed that all felonies have some probative value on the issue of credibility," *id.* at 1062, and in particular that a conviction for the offense "Conspiracy to commit offense or to defraud United States" in violation of 18 U.S.C. § 371[3] reflects a concerted plan to engage in criminal behavior, which the Court considers to "reflec[t] more strongly on credibility than, say, crimes of impulse, or simple narcotics or weapons possession." *Id.* at 1071.

---

[3] The Court understands from the Government's [10] 404(b) Motion that Defendant's Conspiracy conviction related to narcotics. *See* Gov't's [10] 404(b) Mot. at 7.

6

For the reasons set forth above, the Court holds that should Defendant Knight choose to testify, the Government may impeach him with his prior conviction for the offense of Conspiracy pursuant to 18 U.S.C. § 371 because its probative value outweighs its prejudicial impact, but not for the offenses of Threats pursuant to 22 D.C. Code 504(a), or Assaulting, Resisting, or Impeding Certain Officers or Employees pursuant to 18 U.S.C. § 111(a)(1). The Government shall be limited to introducing the fact that Defendant has been convicted of Conspiracy, and the length of Defendant's sentence therefor (60 months), to generally impeach Defendant's credibility. The Court shall give an appropriate limiting instruction. An appropriate Order accompanies this Memorandum Opinion.

Date:   June 18, 2007

                                                    /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge