# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

DARRYL KNIGHT,

Defendant.

Crim. No. 07–81 (CKK)

**FILED**

**JUN 1 8** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION
(June 18, 2007)

On May 18, 2007, the Government filed [10] Government's Notice and Motion to Permit Use of Other Crimes Evidence (hereinafter, "404(b) Motion"). The Government seeks to introduce "evidence that the defendant's acts in possessing with intent to distribute cocaine base and possession of marijuana in 1996 . . . shows intent, knowledge, and absence of mistake with respect to the counts one and two of the instant indictment, possession with intent to distribute cocaine base and possession with intent to distribute marijuana." Gov't's 404(b) Mot. at 3.  On May 25, 2007, Defendant Knight filed his Opposition to the Government's 404(b) Motion. Based on the filings, the history of the case, and the relevant statutes and case law, the Court is inclined to permit the Government to introduce prior bad acts evidence pursuant to Federal Rule of Evidence 404(b), specifically evidence of the recovery of "fifty-six ziplock bags containing approximately thirty-two grams of cocaine base from the defendant's groin area inside of his pants, [and] an additional ziplock bag containing approximately six grams of marijuana from inside of the defendant's pants . . . ." on May 31, 1996.  Gov't's 404(b) Mot. at 2.

## I. BACKGROUND

On March 22, 2007, Defendant Darryl Knight was charged in a four-count Indictment

with the following offenses: (1) Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (2) Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (3) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); and (4) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Defendant Knight was arraigned on April 10, 2007. These charges "are based on the execution of a search warrant upon the defendant's residence, 1420 Staples Street (Apartment #3), N.E., Washington, D.C., on February 2, 2007, at approximately 7:35 p.m." Gov't's 404(b) Mot. at 1. This case is presently set for trial to commence on June 27, 2007, at 9:00 a.m.

In the Government's 404(b) Motion, the Government states that it wishes to introduce "evidence that the defendant's acts in possessing with intent to distribute cocaine base and possession of marijuana in 1996 . . . shows intent, knowledge, and absence of mistake with respect to the counts one and two of the instant indictment, possession with intent to distribute cocaine base and possession with intent to distribute marijuana." Gov't's 404(b) Mot. at 3. "[F]ifty-six ziplock bags containing approximately thirty-two grams of cocaine base from the defendant's groin area inside of his pants, [and] an additional ziplock bag containing approximately six grams of marijuana from inside of the defendant's pants . . . ." were recovered during "a traffic stop of the defendant's vehicle on May 31, 1996, in the area of 23rd Street and Savannah Terrace, S.E., Washington, D.C." *Id.* at 2. While Defendant was not convicted of the aforementioned acts, he was convicted (based on the same underlying incident) on July 5, 2007

2

when he entered a plea to three separate offenses–Conspiracy, Threats, and Assaulting, Resisting,

or Impeding Certain Officers or Employees (discussed in this Court's June 18, 2007

Memorandum Opinion with respect to the Government's Rule 609 Notice).

## II. LEGAL ANALYSIS

Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes,

wrongs, or bad acts of a defendant. In relevant part, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a
> person in order to show action in conformity therewith. It may, however, be admissible
> for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or accident, provided that upon request by the
> accused, the prosecution in a criminal case shall provide reasonable notice in advance of
> trial, or during trial if the court excuses pretrial notice on good cause shown, of the
> general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). The D.C. Circuit has described Rule 404(b) as one "of inclusion rather

than exclusion," *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000), and has explained

that it excludes only evidence that "is offered for the sole purpose of proving that a person's

actions conformed to his or her character," *United States v. Long*, 328 F.3d 655, 661 (D.C. Cir.

1993), *cert. denied*, 540 U.S. 1075 (2003).

Evidence of other crimes, wrongs, or bad acts is admissible under Federal Rule of

Evidence 404(b) if offered for a permissible purpose. Such permissible purposes include proof

of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident.

*United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007); *United States v. Pindell*, 336 F.3d

1049, 1056 (D.C. Cir. 2003); *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990). The

Court of Appeals for this Circuit has made clear, however, that Rule 404(b) merely defines the

one *im*permissible purpose for bad act evidence; it does not define the set of permissible

3

purposes for use of such evidence. *Miller*, 895 F.2d at 1436. However, it can be said that

"[c]orroboration, in and of itself, is not a separate purpose belonging in the open class of

permissible purposes referred to in Rule 404(b)'s second sentence." *United States v. Linares*,

367 F.3d 941, 949 (D.C. Cir. 2004) (quoting *United States v. Bailey*, 319 F.3d 514, 520 (D.C.

Cir. 2003) (noting that "[t]o decide if Rule 404(b) evidence is admissible for corroboration, the

court must determine what is being corroborated and how . . . . The label 'corroboration' []

merely invites a closer look at exactly how the evidence may be probative.")).

    The Court undertakes a two-part analysis to determine admissibility in the Rule 404(b)

context. *See Miller*, 895 F.2d at 1435. First, the Court considers whether the evidence is

"probative of some material issue other than character." *United States v. Clarke*, 24 F.3d 257,

264 (D.C. Cir. 1994); Fed. R. Evid. 401. Second, if the Court deems the evidence to be relevant,

the Court should exclude the evidence only if probative value "is substantially outweighed by the

danger of unfair prejudice." Fed. R. Evid. 403; *Long*, 328 F.3d at 662. In close cases, the rule

tilts toward the admission of the uncharged conduct evidence. *See United States v. Cassell*, 292

F.3d 788, 795 (D.C. Cir. 2002) ("[I]n performing the balancing test required under Rule 403, it is

a sound rule that the balance should generally be struck in favor of admission when the evidence

indicates a close relationship to the event charged.") (internal quotations and citations omitted).

The D.C. Circuit has recognized that "Rule 404(b) evidence will often have . . . multiple utility,

showing at once intent, knowledge, motive, preparation, and the like." *United States v. Crowder*,

141 F.3d 1202, 1208 (D.C. Cir. 1998) (en banc). If evidence is ruled admissible, the trial court,

when the defendant so requests, must give a limiting instruction. Fed. R. Evid. 105. A trial

court's Rule 404(b) admissibility determination is reviewed under an abuse of discretion

4

standard. *Pindell*, 336 F.3d at 1056-57; *Linares*, 367 F.3d at 946.

### III. DISCUSSION

*A.    Defendant's prior bad acts are evidence of intent, knowledge, and absence of mistake in this case and shall be considered for admission for these purposes*

As set forth above, the Court shall first consider whether the evidence is "probative of some material issue other than character." In this case, the Government intends to show that the recovery of a sizeable quantity of cocaine base and a smaller quantity of marijuana, for which Defendant was arrested in 1996, demonstrates "intent, knowledge, and absence of mistake" with respect to the pending charges against Defendant for possession with intent to distribute cocaine base and possession with intent to distribute marijuana. Gov't's 404(b) Mot. at 3. Specifically, the Government argues that it "will not be offering the evidence to prove the defendant's character, but to show that on February 2, 2007, he knew what cocaine base and marijuana were, he knew how to sell and distribute cocaine base and marijuana, and he was aware that there was cocaine base and marijuana inside of his residence." *Id.* at 4.

In Defendant's Opposition, Defendant argues–without citing to any case law–that 1) the government's argument that Defendant's alleged prior possession of cocaine base and marijuana increases the likelihood that "he possessed and knew about the drugs recovered in this case" is a "propensity purpose"; and 2) because Defendant "does not intend to present any evidence that he knew of or possessed the drugs, but did not know the substances to be cocaine base and marijuana or intend to distribute it" and Defendant does not intend to "introduc[e] evidence that he possessed the narcotics accidentally or by mistake," such evidence is not probative of a material issue other than propensity. Def.'s Opp'n at 3-4. Defendant also mentions in a footnote that because Defendant was charged in 1996 but not convicted of possession with intent to

5

distribute cocaine base and possession of marijuana, the "allegations" of that conduct are

"extremely unreliable," and only "weakly probative, at best" in light of the time lapse. *Id.* at 4

n.1.

Defendant states that "[t]his case largely rises or falls, however, on the question whether

Mr. Knight actually possessed or knew of the drugs." Def.'s Opp'n at 4. However, the

Government need not demonstrate "actual" possession of the drugs if it demonstrates

constructive possession by proving that Defendant """knew of, and was in a position to exercise

dominion and control over"" them." *Cassell*, 292 F.3d at 792-93 (quoting *United States v. Clark*,

184 F.3d 858, 863 (D.C. Cir. 1999) (quoting *United States v. Byfield*, 928 F.2d 1163, 1166 (D.C.

Cir. 1991))).

> Constructive possession requires that the defendant knew of, and was in a position to
> exercise dominion and control over, the contraband, "either personally *or through*
> *others."  United States v. Raper,* 676 F.2d 841, 847 (D.C. Cir. 1982) (emphasis added)
> (adding that the elements of possession may be inferred from circumstantial evidence);
> *accord United States v. Joseph,* 892 F.2d 118, 125 (D.C. Cir. 1989) (and cases cited
> therein). The essential question is whether there is "some action, some word, or some
> conduct that links the individual to the narcotics and indicates that he had some stake in
> them, some power over them." *Pardo,* 636 F.2d at 549. Mere proximity to the drugs or
> association with others possessing drugs will not suffice. *See id.*

*Byfield*, 928 F.2d at 1166. Accordingly, knowledge, intent, and absence of mistake are key to

establishing constructive possession. Furthermore, the D.C. Circuit has held, more than once,

that a prior act or charge of possession with intent to distribute is admissible pursuant to Rule

404(b) in a pending possession with intent to distribute case as probative of something other than

character–including "intent," "knowledge," and "plan." *See, e.g., Douglas*, 482 F.3d at 592

(evidence of prior arrest for possession with intent to distribute permitted pursuant to Rule

404(b) as probative of knowledge and intent with respect to the possession with intent to

distribute charge at issue in *Douglas*); *Crowder*, 141 F.3d at 1208 (evidence of other drug offense

permitted to prove intent to distribute and knowledge of substance in possession in a possession

with intent to distribute case); *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir.

1992) ("The evidence of this prior transaction is probative of intent, knowledge and plan on the

part of Washington. *See, e.g., United States v. Moore,* 732 F.2d 983, 989 (D.C. Cir. 1984)

(finding prior drug transactions probative of intent to participate in future transactions).").

In fact, while neither the Government nor Defendant cites to *Douglas*, this recent decision

of the United States Court of Appeals for the District of Columbia stands in marked contrast to

Defendant's position. In *Douglas,* the D.C. Circuit upheld the district court's decision to permit

the Government to introduce 404(b) evidence regarding a prior arrest for possession with intent

to distribute crack cocaine in Douglas's trial on possession with intent to distribute crack

cocaine:

> To support a conviction for PWID, the government had to prove beyond a
> reasonable doubt that, on November 7, 2002, Douglas (1) possessed a controlled
> substance; (2) knowingly and intentionally and; (3) with the specific intent to distribute
> that controlled substance. *See* 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). The elements of
> the charged crime, therefore, made both intent and knowledge matters of consequence to
> Douglas's case. "Intent and knowledge are also well-established non-propensity purposes
> for admitting evidence of prior crimes or acts." *Bowie,* 232 F.3d at 930; *see also* Fed. R.
> Evid. 404(b). Evidence that Douglas previously possessed and distributed crack cocaine
> to an undercover police officer "has a tendency to make" it "more probable," Fed. R.
> Evid. 401, both that he knew the nature of the substance-crack cocaine-he was charged
> with possessing on November 7, 2002, and that he intended to distribute it, *see Cassell,*
> 292 F.3d at 793 ("[I]n cases where a defendant is charged with unlawful possession of
> something, evidence that he possessed the same or similar things at other times is often
> quite relevant to his knowledge and intent with regard to the crime charged." (internal
> citations omitted)).

*Douglas*, 482 F.3d at 596 -597. While Douglas had argued that his prior arrest was not relevant

because "he did not dispute the elements of knowledge and intent," the D.C. Circuit emphasized

that "[e]ven if a defendant conceded an element of an offense, the government still has the

burden of proving that element to the jury beyond a reasonable doubt." *Id.* "[A] defendant's

offer to stipulate to an element of an offense does not render the government's other crimes

evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed

stipulation is unequivocal, and even if the defendant agrees to a jury instruction . . . ." *Crowder*,

141 F.3d at 1209.

Finally, with respect to Defendant's arguments that Defendant was not actually previously

convicted of possession with intent to distribute cocaine base and possession of marijuana, and

that allegations of such conduct are either unreliable or weakly probative considering their

occurrence in 1996, see Def.'s Opp'n at 4 n.1, *Douglas* and its progeny are clear that prior bad

acts need not be convicted offenses. *See, e.g., Douglas*, 482 F.3d at 592 (admitting prior arrest

for possession with intent to distribute). Furthermore, the Court understands that Defendant

pleaded guilty to a conspiracy charge which became part of a judgment against him on July 5,

1997, predicated on the "prior bad acts" evidence presently at issue, further increasing the

probative value of such acts. *See* Gov't's 404(b) Mot. at 7.

Ultimately, the Court finds that Defendant's prior possession of a sizeable quantity of

cocaine base and a smaller quantity of marijuana may be admitted for the purpose of

demonstrating Defendant Knight's intent, knowledge, and absence of mistake with respect to his

alleged possession with intent to distribute cocaine base and possession with intent to distribute

marijuana in the instant case. That such evidence may demonstrate propensity is not dispositive,

as it is not being admitted for propensity purposes:

> As we noted above, the elements of Cassel's crime included possession, which in turn
> requires knowledge and intent. A prior history of intentionally possessing guns, or for

8

that matter chattels of any sort, is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so. If Cassell had been standing in an apartment close to a gun and never possessed one before, a jury might find it less likely that his proximity evidenced knowing and intentional possession. Granted, this evidence does go to propensity, the character circumstance forbidden by Rule 404(b). But Rule 404(b) never bars the admission of evidence. Rule 404(b) only "prohibit[s] the admission of other crimes evidence ... for the *purpose* of proving a person's actions conformed to his character." *Crowder,* 141 F.3d at 1206 (citing *United States v. Jenkins,* 928 F.2d 1175, 1180 (D.C. Cir. 1991) (emphasis added)). As we have said before, "Rule 404(b) bars not evidence as such, but a theory of admissibility." *Id.* True, the evidence may tend to show that Cassell is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before and restated above, under Rule 404(b), "*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character." *Miller,* 895 F.2d at 1436.

*Cassell*, 292 F.3d at 794-795. *See also Crowder*, 141 F.3d at 1209 n.5 ("A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth.").

    B.    *The probative value of Defendant's prior bad acts is not substantially outweighed by the danger of unfair prejudice to Defendant Knight*

As the Court finds that the evidence the Government wants to introduce is relevant to proving that the Defendant knew that he possessed cocaine base and marijuana in his residence and intended to sell and distribute these substances, the Court shall next weigh whether the probative value of the Defendant's prior bad acts is substantially outweighed by the danger of unfair prejudice to the Defendant. The Government argues both that this is a "close case" in that "the government will argue that the defendant was in constructive possession of the cocaine base, marijuana, digital scale, firearms, and currency recovered from the bedroom inside of his

9

residence," and that there is a "close relationship" between the evidence[1] the Government wants

to introduce and the activity charged in this case given that cocaine base and marijuana are

common to both. Gov't's 404(b) Mot. at 6. Defendant argues that the "weak probative value" of

the alleged prior bad acts is outweighed by the "severe prejudicial impact introduction of the

evidence would have on the jury," particularly in light of the prior narcotics charges both in terms

of the jury's likelihood of using such evidence as propensity evidence or wishing to punish a

perceived drug dealer. Def.'s Opp'n at 4-5.

    Defendant's argument does not imply that there is any "unique evidence of prejudice" in

this case; the passage of time between the 1996 acts in question and the instant case speaks to its

probative value (which the Court addressed above), not its potential prejudice. "Although prior

drug transactions always raise the specter of potential prejudice to the defendant, we find no

compelling or unique evidence of prejudice in this case that warrants upsetting the trial court's

determination." *Washington*, 969 F.2d at 1081. In contrast, the circumstantial nature of the

evidence in this case and the overlap between the drugs involved in Defendant's 1996 arrest and

the present charges are such that the probative value of the proffered 404(b) evidence as to

Defendant's intent, knowledge, and absence of mistake in this case are high. *See Douglas*, 482

F.3d at 600-01. Upon examining the prior bad acts evidence the Government wants to introduce

and the charges and specific circumstances of the instant case, the Court concludes that the

probative value of the prior bad acts evidence is not substantially outweighed by the danger of

---

[1] Despite inconsistencies on pages 6 and 7 of the Government's 404(b) Motion as compared to the rest of the Government's Motion, the Court understands that the Government wants to introduce evidence that Defendant possessed cocaine base (in a distributable quantity) and marijuana in 1996 when he was arrested, not Defendant's 1997 conviction related to that arrest, pursuant to Rule 404(b).

unfair prejudice to the Defendant.

## IV. CONCLUSION

Based on the reasoning set forth in this Memorandum Opinion, the Court is inclined to grant the Government's [10] Motion to Permit Use of Other Crimes Evidence and permit the Government to introduce prior bad acts evidence pursuant to Federal Rule of Evidence 404(b), specifically evidence of the recovery of "fifty-six ziplock bags containing approximately thirty-two grams of cocaine base from the defendant's groin area inside of his pants, [and] an additional ziplock bag containing approximately six grams of marijuana from inside of the defendant's pants . . . ." on May 31, 1996. Gov't's 404(b) Mot. at 2. However, this discussion may be revisited at trial, given the context and the development of the overall record.

Date:   June 18, 2007

                                           /s/
                                 COLLEEN KOLLAR-KOTELLY
                                 United States District Judge