UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No.  07-081 (CKK) |
| v. | : | |
| | : | Trial Date:  June 27, 2007 |
| **DARRYL KNIGHT,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL GRAND JURY TESTIMONY**

  The United States of America (hereinafter "the United States" or "the Government"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Opposition to Defendant Darryl Knight's motion to compel disclosure of the grand jury testimony of Katreada Thomas.  In support of its Opposition, the Government relies on the following points and authorities and any additional evidence that may be adduced at a hearing on this matter.

**I. Introduction**

1. In his motion to compel disclosure of the grand jury testimony of Katreada Thomas, Defendant Knight argues that such disclosure is necessary because the Government, in letters sent by two different Assistant United States Attorneys assigned to the case, provided "varying versions" regarding potentially exculpatory information contained in Ms. Thomas's grand jury testimony.  Defendant's Motion to Compel, at 2.  Consequently, Defendant argues, he is "unequipped to utilize this information."  *Id.*  Defendant's claim is baseless.  First, there are no inconsistencies in the information provided in the letters to Defendant regarding potentially exculpatory information provided by Ms. Thomas in her grand jury testimony.  Second, even if

there were inconsistencies, the Government has provided the name of the individual who gave the potentially exculpatory testimony to the grand jury. Thus, Defendant may follow up with this information by contacting the witness directly to ascertain what if any exculpatory information she could provide at trial. And, finally, Defendant has not cited any authority to support his contention that he is entitled to disclosure of the witness's grand jury testimony under these circumstances.

**II.     Discussion**

2      Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). The law requires the disclosure of exculpatory and impeachment evidence when such evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. Because they are constitutional obligations, *Brady* and *Giglio* evidence must be disclosed regardless of whether the defendant makes a request for exculpatory or impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Such a requirement, however, does not create a right of access to the grand jury transcripts of possible defense witnesses. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988); *United States v. Natale*, 526 F.2d 1160, 1170 (2d Cir. 1975).[1] Rather, all that is required is that the Government provide the potentially exculpatory information

---

[1] Significantly, it should be noted that, by letter dated May 11, 2007, well prior to Defendant's assertion here that disclosure of Ms. Thomas's grand jury transcripts are necessary to clarify the "varying versions" of the Government's discovery letters to counsel, Defendant had requested that the Government provide him with these transcripts. Thus, the fact that Defendant resurrects their request in this motion and under the guise of wanting to clarify inconsistent information that was provided to him in discovery, smacks of disingenuousness in his basis for requesting the witness's grand jury testimony.

that is contained in the grand jury transcript. *See*, *e.g.*, *Tucker v. United States*, 871 A.2d 453, 459 (D.C. 2005) (no Brady violation where government disclosed pertinent information contained in grand jury transcript but did not disclose transcript itself); *Matthews v. United States*, 629 A.2d 1185, 1199-1200 (D.C. 1993) (where prosecutor disclosed substance of witness's statement to defense prior to trial, "no basis to conclude that the government improperly withheld the statement, or that appellant was significantly prejudiced"). Further, notwithstanding the Government's obligation to disclose material exculpatory and impeachment information under *Brady* and *Giglio*, disclosure of a witness's grand jury testimony is excepted from the discovery requirements as set forth in Rule 16 of the Federal Rules of Criminal Procedure. *See Fed. R. Cr. Pro.* 16(a)(3).[2]

3.  In the instant case, the Government has disclosed all the potentially exculpatory information concerning Katreada Thomas's grand jury testimony, through its letters to counsel dated April 7, 2007, and June 19, 2007. *See Tucker*, 871 A.2d at 459; *Matthews*, 629 A.2d at 1199-2000. Defendant contends that the Government has failed to meet its obligations by providing "varying versions" of Ms. Thomas's potentially exculpatory testimony, but this is not the case. To the contrary, a careful reading of the two letters reveals that the information furnished in the letters are entirely consistent with one another. For instance, both letters contain statements that describe Ms. Thomas as having told the grand jury that she did not observe

---

[2] Rule 16(a)(3), titled "Grand Jury Transcripts," provides that "[Rule 16] does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in [Fed. R. Cr. Pro. Rules 6, 12(h), 16(a)(1), and 26.2." Fed. R. Cr. Pro. 16(a)(3). In addition, while Rule 16(a)(3) provides several very narrow exceptions to the general rule that a witness's grand jury testimony may not be disclosed for discovery or inspection in a criminal proceeding, none of those exceptions here apply. *See id.* Significantly, Defendant does not even attempt to rely on any of the exceptions set forth in Rule 16(a)(3).

Defendant direct police to an ashtray underneath the bed in response to officers' question whether there were drugs in the apartment. To suggest that the April 7 letter indicates that Ms. Thomas "did not see [Defendant] point to the ashtray [underneath the bed]," while the June 19 letter reads that she "did not direct police officers to the marijuana underneath his bed,"[3] are somehow inconsistent statements, is a preposterous attempt at splitting hairs.

4. Furthermore, while the April 7 letter goes on to state that Ms. Thomas further testified that she (1) did not see law enforcement officers inside the apartment, (2) did not see any narcotics or firearms inside the apartment, and (3) did not see law enforcement officers do anything inside the apartment, *see* Defendant's Motion, at 1, Defendant apparently misreads these statements to mean that Ms. Thomas had actually observed police search the apartment and, in doing so, she did not observe the recovery of any contraband. Rather, in her initial grand jury appearance, Ms. Thomas asserted that she did not observe police conduct a search of the apartment, because police had taken her out of the apartment prior to the search commencing.[4] Because these statements by Ms. Thomas did not amount to potentially exculpatory information, they were not included in the Government's June 19 discovery letter. Thus, there are no inconsistencies between the two discovery letters provided to counsel.

---

[3] Both letters indicate with consistency that Ms. Thomas later testified that she recanted this story and told police that Defendant did direct police to the marijuana underneath the bed. This information, of course, is not potentially exculpatory information that the Government was obligated to disclose to Defendant.

[4] The April 7 letter further explains that Ms. Thomas also recanted this account of events. In a later appearance before the grand jury, she testified that she had in fact remained inside the apartment when police began searching it, and she observed police recover a bag of white rock-like substance and marijuana from the apartment. She also testified that she heard police announce that they had found guns inside the apartment. As with the information contained in footnote 3, *supra*, this information is not subject to disclosure, yet it was provided to counsel.

5.      Moreover, even if the information provided to counsel in the letters were inconsistent, such an inconsistency does not warrant the disclosure of a witness's grand jury testimony. Indeed, as stated above, Defendant has not cited any authority to support the proposition that "varying versions" of discovery information warrants a usurpation of Fed. R. Cr. Pro. 6(e), nor can he.  Moreover, as a practical matter, any inconsistencies easily could be resolved by simply interviewing Ms. Thomas and thereby ascertaining what, if any, potentially exculpatory information she may be able to provide at trial.  Indeed, Ms. Thomas, Defendant's girlfriend and the mother of his infant child and child-to-be, is easily accessible to Defendant and his counsel for a meeting.  Thus, it cannot be said that Defendant is significantly prejudiced by any possible inconsistency in the information contained in the Government's letters to Defendant. *Matthews*, 629 A.2d at 1199-2000.

6.      Finally, if the Court were to decide that a legitimate question is raised by Defendant concerning whether the Government sufficiently provided potentially sufficient exculpatory information regarding the grand jury testimony of Katreada Thomas, an appropriate course to take would be for the Court to conduct an in camera inspection of Ms. Thomas's testimony to thereby determine whether the Government has met its discovery obligations.

WHEREFORE, for all the reasons stated above, the United States respectfully submits that Defendant's Motion to Compel Grand Jury Testimony is, in all things, lacking in merit and therefore should be denied.

                                                JEFFREY A. TAYLOR
                                                United States Attorney

                                                   /s/
By:    _____
                  DONNELL W. TURNER
                  Assistant United States Attorney
                  Federal Major Crimes Section
                  United States Attorney's Office
                  555 Fourth Street, N.W., Room 4235
                  Washington, D.C. 20530
                  (202) 305-1419
                  (202) 514-6010 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No.   07-081 (CKK) |
| v. | : | |
| | : | Trial Date:  June 27, 2007 |
| **DARRYL KNIGHT,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Upon consideration of the Defendant Darryl Knight's Motion to Compel Grand Jury Testimony, the Government's Opposition to said Motion, and the entire record herein, the Court is of the opinion and finds that Defendant's Motion is without merit and should be denied.  It is therefore, this ____ day of _____, 2007,

**ORDERED** that the Court's ruling regarding Defendant's Compel Grand Jury Testimony be, and hereby is, **DENIED**.

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge