UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 07-081 (CKK) |
| | : | |
| DARRYL KNIGHT, | : | Trial Date: June 27, 2007 |
| | : | |
| Defendant. | : | |
| _____ | : | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through the United States Attorney for the District of Columbia, hereby submits the following proposed jury instructions:

*Instructions Before and During Trial*

| | |
|---|---|
| 1.02 | Notetaking |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04A | Stipulation of Fact |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony |
| 1.16 | Cautionary Instruction on Publicity |
| 1.22 | A Juror's Recognition of a Witness or Other Party Connected to the Case |

*Final Instructions*

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in the Case – Judicial Notice, Stipulations |

| | |
|---|---|
| 2.05 | Statements of Counsel |
| 2.06 | Indictment or Information Not Evidence |
| 2.07 | Inadmissible and Stricken Evidence (if necessary) |
| 2.08 | Burden of Proof — Presumption of Innocence |
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges Not to Be Considered |
| 2.26 | Police Officer's Testimony |
| 2.27 | Failure of Defendant to Testify (if defendant chooses not to testify) |
| 2.28 | Defendant as Witness (if appropriate) |
| 2.51(B) | Other Crimes Evidence (see language below) |
| 2.52 | Multiple Counts – One Defendant |

*Definitions and Proof*

| | |
|---|---|
| 3.02 | Proof of State of Mind |
| 3.08 | Possession |

*Charged Offenses*

### **_Possession With Intent to Distribute Fifty Grams or More of Cocaine Base_**

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

i. That the defendant possessed a measurable amount of cocaine base, or crack, a controlled substance.

  ii.  That the defendant did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently.

  iii.  That when the defendant possessed the cocaine base, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person.

  iv.  The law makes cocaine base a controlled substance. You must decide whether the material was cocaine base. In doing that, you may consider all the evidence that may help you, including exhibits, expert and non-expert testimony.

  v.  A "measurable amount" of cocaine base, as that term is used to establish the first element of this offense, is an amount that can be assigned a numerical value, although no particular value must be proven.

*Aggravating Circumstance – 21 U.S.C. § 841(b)(1)(A)(iii)*

  vi.  That the possession with intent to distribute cocaine base involved fifty or more grams of a substance or mixture that contained cocaine base.

*Definition of Possession* – see Criminal Jury Instruction 3.08, supra.

**<u>Possession With Intent to Distribute Cannabis</u>**

  The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

  1.  That the defendant possessed a measurable amount of Cannabis, a controlled substance.

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently.

3. That when the defendant possessed the heroin, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person.

4. The law makes cannabis a controlled substance. You must decide whether the material was cannabis. In doing that, you may consider all the evidence that may help you, including exhibits, expert and non-expert testimony.

5. A "measurable amount" of cannabis is an amount that can be assigned a numerical value, although no particular value must be proven.

*Definition of Possession* – see Criminal Jury Instruction 3.08, supra.

### *Using, Carrying and Possessing a Firearm During and In Relation To a Drug Trafficking Offense*

The essential elements of the offense of using, carrying, or possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime, both of which the Government must prove beyond a reasonable doubt, are:

i. That the defendant used, carried, or possessed a firearm; and

ii. That he used, carried, or possessed the firearm during and in relation to a drug trafficking offense charged in either Count One or Two of the indictment or in furtherance of one of those drug trafficking offenses.

*Definition of "Firearm"*

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action of an explosion. 18 U.S.C. § 921(a)(3). The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, 510 U.S. 848 (1993); United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989).

*Definition of Possession* – see Criminal Jury Instruction 3.08, supra.

*Definition of "in Relation to"*

The phrase "in relation to" means that there must be some relation between the firearm and the underlying drug offense. The firearm must have some purpose or effect with respect to the drug trafficking crime, such as when the gun is carried to protect drugs. In short, a firearm is used "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime. You may infer that the use of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so. Smith v. United States, 508 U.S. 223, 238 (1993); United States v. Harris, 959 F.2d 246, 261 (D.C. Cir), cert. denied, 506 U.S. 932 (1992); United States v. Evans, 888 F.2d 891, 895 (D.C. Cir. 1989), cert. denied, 494 U.S. 10190 (1990).

*Definition of "in furtherance of"*

The phrase "in furtherance of" means the act of furthering, helping forward, promoting, or advancing. To show that the defendant possessed the firearm "in furtherance" of a drug trafficking offense, the government must show that a firearm was possessed to advance or promote the commission of either the offense of possession with intent to distribute fifty grams

or more of cocaine base or possession with intent to distribute cannabis, as those offenses are defined above. The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime. Rather, the government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote or facilitate the criminal activity. United States v. Wahl, 290 F.3d 370, 376 (D.C.Cir. 2002).

*Definition of Possession* – see Criminal Jury Instruction 3.08, supra.

*Definition of "Firearm"*

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action of an explosion. 18 U.S.C. § 921(a)(3). The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, 510 U.S. 848 (1993); United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989).

*Definition of "in Relation to"*

The phrase "in relation to" means that there must be some relation between the firearm and the underlying drug offense. The firearm must have some purpose or effect with respect to the drug trafficking crime, such as when the gun is carried to protect drugs. In short, a firearm is used "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime. You may infer that the use of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so. Smith v. United States, 508 U.S. 223, 238 (1993); United States v. Harris, 959 F.2d 246, 261

(D.C. Cir), cert. denied, 506 U.S. 932 (1992); United States v. Evans, 888 F.2d 891, 895 (D.C. Cir. 1989), cert. denied, 494 U.S. 10190 (1990).

*Definition of "in furtherance of"*

The phrase "in furtherance of" means the act of furthering, helping forward, promoting, or advancing. To show that the defendant possessed the firearm "in furtherance" of a drug trafficking offense, the government must show that a firearm was possessed to advance or promote the commission of one of the underlying offenses in Counts One, Two, or Three of the indictment. The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime. Rather, the government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity. H.R. 105-344, 105th Cong., 1st Sess. §1(1997), 1997 WL 668339 *9 (Leg. Hist.).

### *Possession of a Firearm or Ammunition by a Person Previously Convicted of a Crime Punishable for a Term Exceeding One Year*

The essential elements of possession of a firearm or ammunition by a person, who has been convicted of a crime punishable by imprisonment for a term exceeding one year, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a firearm; that is, a handgun;

2. That the defendant did so knowingly;

3. That the firearm had been shipped or transported from one state to another; (the District of Columbia is considered a state for this purpose); and

        4.        That, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The term handgun or firearm means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

[If Stipulated] You are instructed as a matter of law that defendant Knight was previously convicted of a crime punishable by more than one year imprisonment.

An act is done knowingly if a defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate commerce. Property is in interstate commerce if its movement originates in one state and passes through another state. The District of Columbia is considered a state for this purpose. The interstate character of transport begins when the property is set aside for interstate transportation, and continues until the property arrives at its destination and is delivered.

The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a convicted felon if it is demonstrated that the firearm possessed by a convicted felon had previously traveled in interstate commerce. It is not necessary that the government prove that the defendant purchased the gun in some state other than that where he was found with it or that he carried it across a state line, nor must the government prove who did purchase the gun. It is necessary only that the government prove that the defendant, having previously been convicted of a crime punishable by more than one year

imprisonment, knowingly possessed a firearm that, at some time, had previously traveled in interstate commerce.

*Closing Remarks*

2.71		Selection of Foreperson

2.72		Unanimity

2.73		Exhibits During Deliberations

2.74		Possible Punishment Not Relevant

2.75		Communications Between Court and Jury During Jury's Deliberations

2.76		Furnishing the Jury with a Copy of the Instructions

**Government's Proposed Special Instruction on Reasonable Doubt**

The government requests that in place of Instruction 2.09 from *Criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.
> 
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence,

you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

### 2.51(B) Other Crimes Evidence

The government requests that Instruction 2.51(B) of the *Criminal Jury Instructions for the District of Columbia*, be read as follows:

> You have heard evidence that, on or about May 31, 1996, the defendant knowingly and intentionally possessed fifty-six ziplock bags containing approximately thirty-two grams of cocaine base, and an additional six grams of marijuana from inside of the defendant's pants.
>
> If you consider the evidence that the defendant possessed controlled substances with intent to distribute on or about May 31, 1996, you may use such evidence only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to possess cocaine base and marijuana on February 2, 2007, whether he intended to distribute these controlled substances on that date, and whether he acted knowingly and on purpose in doing so and not by mistake or accident.
>
> You may not consider the evidence for any other purpose. The defendant has not been charged in the indictment with any offense relating to possessing controlled substances on or about May 31, 1996, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply

because you believe he may have done bad things not specifically charged as crimes in this case.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney

                              _____

By:    Donnell W. Turner
        United States Attorney
        555 4th Street, N.W., Room 4235
        Washington, D.C. 20530
        (202) 305-1419 (tel.)
        (202) 514-6010 (fax)