## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.  07-081 (CKK)** |
| **v.** | : | |
| | : | **Trial Date:  June 27, 2007** |
| **DARRYL KNIGHT,** | : | |
| | : | |
| **Defendant.** | : | |

**FILED**

**JUN 2 7 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, and Defendant, Darryl Knight, hereby submit this Statement of Offense in support of

Defendant's guilty plea to Counts 1 and 4 of the pending Indictment in this case.  With regard to

Count 1 of the Indictment, in which Defendant is charged with Unlawful Possession with Intent to

Distribute Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B)(iii), the essential elements of such offense, each of which the Government must prove

beyond a reasonable doubt, are:

1.    That Defendant possessed <u>fifty grams or more</u> of cocaine base, or "crack";

2.    That such possession was knowing and intentional, and not the result of any mistake, accident, or inadvertence; and

3.    That, at the time Defendant possessed the cocaine base, Defendant had the specific intent and purpose of distributing it to another individual or to other individuals.

Further, with regard to Count 4 of the Indictment, which charges Defendant with Unlawful

Possession of a Firearm and Ammunition by a Person Previously Convicted of a Crime Punishable

for a Term Exceeding One Year, the essential elements of this offense, each of which the

Government must prove beyond a reasonable doubt, are:

1.    That Defendant possessed a firearm; that is, a handgun;

2.    That Defendant did so knowingly;

3.    That the firearm had been shipped or transported from one state to another; (the District of Columbia is considered a state for this purpose); and

4.    That, at the time Defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The above charges are the result of evidence obtained during the execution of a D.C. Superior Court search warrant by members of Metropolitan Police Department (MPD) on February 2, 2007, at the residence of 1420 Staples Street, N.E., Apt. 3, Washington, D.C. Defendant is the sole leaseholder of this residence, and he has lived there for more than four years. At approximately 7:35 p.m. on February 2nd, MPD officers entered the residence and encountered Defendant, who was partially clothed, standing near the front door next to a bathroom, Katreada Thomas, who was sitting on a bed in Defendant's bedroom, a teenage boy, and an infant inside. Once everyone was secured, police began searching the residence. They recovered marijuana from underneath Defendant's bed, in a box on top of his bedroom dresser, inside a TV stand in Defendant's bedroom, and in Defendant's bathroom. In addition, police recovered a digital scale from one of Defendant's shirt pockets located in his bedroom closet, and a small amount of crack in Defendant's bedroom dresser drawer. Further, police entered one of the closets located in Defendant's bedroom and located a hatch in the ceiling that provided access to an attic above the apartment. Police opened the hatch and found, just a foot or two away from the hatch opening, a plastic bag containing approximately 82.1 grams of marijuana. Another foot or two from the marijuana police located a second plastic bag containing approximately 340.5 grams of crack; two firearms, including a Beretta 92-FS Compact

2

model 9MM semi-automatic handgun loaded with eight rounds of ammunition, and an Armi Fratelli

TA-90 model 9MM semi-automatic handgun loaded with three rounds of ammunition; an extra

magazine for the Armi Fratelli 9MM handgun; and approximately $8,000 in U.S. currency. The

drugs, weapons, and money were all located within arms reach of the hatch opening to the attic. An

additional $1,267.56 U.S. currency was located throughout the apartment, as well as various mail

matter in Defendant's name. The drugs seized from Defendant's apartment were all sent to the DEA

laboratory for analysis, and an examination of those items confirmed that a total of 340.574 grams

of crack and 98.87 grams of marijuana were recovered from Defendant's residence by police on

February 2, 2007. The drugs and guns found in Defendant's apartment were all knowingly and

intentionally possessed by Defendant, and not as a result of mistake or inadvertence, and Defendant

possessed the crack with the specific intent and purpose of distributing it to others. In addition, both

handguns were tested and found to be functional. Further, had the matter proceeded to trial, the

government would have adduced evidence that would have established beyond a reasonable doubt

that the handguns recovered from the attic were "firearms" within the meaning of 18 U.S.C. § 921,

and the ammunition found therein was "ammunition, also as defined by 18 U.S.C. § 921. Neither

the firearms nor the ammunition had been manufactured in the District of Columbia, and therefore

had traveled in interstate commerce to reach the District of Columbia. Finally, at the time that

Defendant possessed the firearms and ammunition, he had been convicted of a crime punishable by

imprisonment for a term exceeding one year.

This Statement of the Offense is a summary of Defendant's participation in the offenses of

Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base and Unlawful

Possession of a Firearm and Ammunition by a Person Previously Convicted of a Crime Punishable

for a Term Exceeding One Year, on February 2, 2007, and is not intended to be a complete

accounting of all facts and events related to these offenses.  The limited purpose of this Statement

of the Offense is to demonstrate that a factual basis exists to support Defendant's guilty plea in this

case.

By:     _Donnell W. Turner_
Donnell W. Turner
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the above 4-page factual proffer and have discussed it with my attorney, Rita Bosworth, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.


Date: __6-27-07__                            _____
                                             Darryl Knight
                                             Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read the above 4-page factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.


Date: __6/27/07__                            _____
                                             Rita Bosworth, Esq.
                                             Attorney for Defendant