# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 07-081 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DARRYL KNIGHT** | : | |
| | : | |
| **Defendant.** | : | |
| | : | Sentencing Date: November 16, 2007 |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

1. Pursuant to a plea agreement, Defendant pleaded guilty on June 27, 2007, to Unlawful Possession With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of Title 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(iii) (Count 1 of the Indictment), and to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. Sections 922(g)(1) and 924(a)(2) (Count 4 of the Indictment).

2. Defendant has five prior adult criminal convictions and one prior juvenile adjudication.

3. Based upon a total offense level of 33, and Defendant's criminal history category of II, the guideline range for imprisonment is 151 to 188 months.[1]

4. Defendant is forty-seven years-old, with a substantial criminal record. Defendant acknowledged certain relevant criminal conduct by signing a factual proffer at the time of his June

---

[1] This offense level takes into account that Defendant will presumably receive a three point downward adjustment for having taken responsibility for his criminal conduct.

27, 2007 guilty plea – he acknowledged possessing with the intent to distribute 340.574 grams of cocaine base, also known as crack cocaine, as well as 98.87 grams of marijuana. Defendant also admitted to possessing two firearms – an Armi Fratelli TA-90 model 9MM semi-automatic handgun loaded with three rounds of ammunition and a Beretta 92-FS Compact model 9MM semi-automatic handgun loaded with eight rounds of ammunition – during the commission of the stated drug offense. Finally, at the time Defendant possessed the firearm and ammunition in this case, he was convicted of crimes punishable by imprisonment for a term exceeding a year in D.C. Superior Court Case No. 1982FEL05577 and in U.S. District Court Case No. 96-CR-202.

     5.    Given the nature and circumstances of Defendant's instant criminal offenses, as well as Defendant's criminal record, which demonstrates his violent characteristics and tendencies, the Government believes that a sentence within the guideline range for imprisonment of 151 to 188 months is appropriate in this case. A consideration of the sentencing factors enumerated in Title 18 U.S.C. Section 3553 makes clear that a guideline sentence in this case would reflect the seriousness of the offenses committed – possession of a significant amount of crack cocaine, marijuana, and two loaded handguns. A guideline sentence would also both afford adequate deterrence to criminal conduct and protect the public from further crimes of Defendant, factors that are of particular import when that criminal conduct occurs, as it did in the case at bar, in the presence of an adult female, a teenage boy, and an infant. Finally, a 151 to 188 month period of incarceration would provide Defendant – who acknowledged a "moderate" drug problem in the Presentence Investigation Report – with needed medical care or other correctional treatment in the most effective manner.

     6.    For all of the above reasons, the Government respectfully requests that the Court impose upon Defendant a sentence within the currently applicable guideline range for imprisonment

of 151 to 188 months.[2]

                                          Respectfully submitted,

                                          JEFFREY A. TAYLOR
                                          UNITED STATES ATTORNEY
                                          D.C. BAR NO.  498-610

                                          AARON H. MENDELSOHN
                                          ASSISTANT UNITED STATES ATTORNEY
                                          D.C. BAR NO. 467-570
                                          FEDERAL MAJOR CRIMES SECTION
                                          (202) 514-9519

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing government's Memorandum in Aid of Sentencing to be served upon counsel for the defendant, Rita Bosworth and Michelle M. Peterson, Esquire, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, this 28th day of September, 2007.

                                          AARON H. MENDELSOHN
                                          ASSISTANT UNITED STATES ATTORNEY

---

[2] If the U.S. Congress fails to act on the U.S. Sentencing Commission's released proposed Amendment to the Sentencing Guidelines, and the new Drug Quantity Table is applied to this case, thereby reducing Defendant's total offense level to 31, the Government believes that a sentence within the resulting guideline range for imprisonment of 121 to 151 months would be appropriate, particularly given that Count 1 of the Indictment carries a mandatory minimum term of imprisonment of not less than 120 months.