IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 07-081 (CKK) | |
| v. ) | | |
| ) | | |
| DARRYL KNIGHT ) | | |
| _____) | | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Darryl Knight, through his counsel, Rita Bosworth, Assistant Federal Public Defender, hereby respectfully submits this memorandum in aid of sentencing, pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Knight respectfully submits that he should be sentenced to a period of incarceration of ten years.

**BACKGROUND**

On June 27, 2007, Mr. Knight entered a plea of guilty to Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine Base, in violation of 21 U.S.C. § 841, and Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). He pled pursuant to the provisions of a written plea agreement. Mr. Knight is scheduled to be sentenced on November 15, 2007.

**DISCUSSION**

I.   **THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

>Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II. UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. KNIGHT SHOULD RECEIVE A SENTENCE OF INCARCERATION OF TEN YEARS

### A. Statutory Provisions

Pursuant to the applicable statutes for the charge of distribution of cocaine, the minimum term of imprisonment is ten years, while the maximum term of imprisonment is life. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

Pursuant to the applicable statutes for the charge of gun possession, the maximum term of imprisonment is ten years for this Class C felony. 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

B.   Advisory Sentencing Guidelines

(I).   *Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual in conjunction with the new crack/cocaine amendment effective November 1, 2007, has concluded that the Adjusted Offense Level in this case is 31 and that Mr. Knight's criminal history category is II, resulting in an advisory Guideline range of 121-151 months.

(II).   *Mr. Knight Should Receive a Sentence of No More than 121 Months to Account for the Crack-Cocaine Disparity in the Sentencing Guidelines.*

Mr. Knight faces a 10-year mandatory minimum sentence due to the statute under which he was convicted, 21 U.S.C. § 841(b)(1)(A)(iii). Because the Court must impose a sentence of at least 120 months under the statute, Mr. Knight does not at this time raise the arguments that his sentence should be reduced based on the disparity built into the offense level for offenses involving crack cocaine.[1] However, he does submit that there is no reason for Mr. Knight to receive anything but the lowest end of his guideline range, or 121 months, given that this is a case involving crack cocaine and that, absent the mandatory minimum in this case, he would be arguing for a reduced sentence on that basis. United States v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007).

---

[1] Mr. Knight reserves his right to make this argument if, at some point in the future, the mandatory minimum sentence for his charge is lowered and made retroactive to his conviction.

<u>C. Other Factors</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. Knight in no way wishes to diminish the seriousness of the offense, he notes that nobody was directly physically harmed during the commission of these offenses. He does, however, understand the impact drug use has on the community, and he regrets it. Mr. Knight accepts full responsibility for his behavior, but he harbored no direct malice or ill-will toward others in committing the offenses.

*II. Characteristics of the Defendant*

As outlined in the PSR, Mr. Knight grew up in a tumultuous and harsh environment, which is the genesis for the position he finds himself in today. His biological father left when he

was five years old and never supported Mr. Knight, financially or emotionally. Mr. Knight's mother was an alcoholic, and she was an inept parent. For example, when she discovered Mr. Knight smoking cigarettes, she burned him. In addition, Mr. Knight's entire family smoked marijuana, leading him to begin using the drug at age 11. His brothers sold drugs, one of his sisters smoked cocaine, and another one was an alcoholic. None of his family members ever received treatment for their problems. Given that this is the environment in which he grew up, Mr. Knight's own struggle with drug use and the law are put into context.

    Mr. Knight quickly learned that he could not rely on the people who were supposed to be taking care of him, and he had to start taking care of himself. Because of his unstable and inadequate family situation, Mr. Knight got in with the wrong crowd of kids at school, and nobody was there to pull him away or help him focus on his education or his future. He was constantly bullied by other children because of his speech impediment. Though he did attend some classes for learning impaired children, he did not receive any support or guidance at home, and he eventually stopped going to school in ninth grade. He still has the speech impediment today and has not received his GED

    Mr. Knight's mother died of cancer in 1986 when Mr. Knight was 26 years old. Mr. Knight has also lost three siblings–his sister, Patricia, died of cancer in 2006, and two of his brothers, Emory and Edwin, were shot and killed in 1996. Mr. Knight was essentially left to fend for himself as he was growing up and does not maintain close relationships with his family members.

    Though Mr. Knight was neglected as a child, he tries to be a good father to his own children. His current girlfriend, Katreada Thomas, cares greatly for Mr. Knight and reports that

he supported her and her children up until the time that he was incarcerated. She is a loyal companion who has been with him throughout the duration of his court case and appreciates the concern he shows for her and their two children. Mr. Knight also has expressed great concern for his family and it pains him to know that he can't take care of them while he is in jail. Unlike his own father, he has always wanted to make sure his children are cared for.

Even though Mr. Knight never received his GED, he does have practical stills in carpentry, home improvement, drywall, roofing, bricklaying, and welding, and he operated his own home improvement business for two years. From 2002 through 2007, Mr. Knight worked as a welder with L & R General Contractors, and he was employed up until the time he was arrested in this case. Clearly Mr. Knight has a strong drive to support his family and, despite all the obstacles in his life, has made this a priority.

### III. Needs of the Community and Public

Mr. Knight understands that the community suffers when drugs are present, and he regrets that very much. He wishes he was not a drug addict, and he wishes he had been given more opportunities to succeed in his life. He understands that there is a statutory mandatory minimum of ten years for his offense, and he accepts responsibility for that. But he has shown that he can be a contributing member of society by working and supporting his family. He has shown that he does not have any ill will or desire to harm anyone. He has shown that he wants to help himself by breaking free of his drug habits. Ten years will be more than a sufficient amount of time for Mr. Knight to get over his drug addiction and for the public to be satisfied that he is being adequately punished for his wrongdoings. Imposition of any term of imprisonment beyond the mandatory ten years would be unduly punitive. Not only would it most certainly be excessive

punishment due to the crack cocaine disparities discussed earlier, but it would prove more detrimental to his character than rehabilitative or instructive, and nobody, not the community, the public, nor Mr. Knight, would benefit from that.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Knight asks the Court to sentence him to a period of incarceration of ten years. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.105